**Robert Austin SULLIVAN, Petitioner-Appellant,**

v.

**R.L. DUGGER, Superintendent, Florida State Prison; Louie L. Wainwright, Secretary, Florida Department of Corrections, Respondents-Appellees.**

No. 83–3696.

United States Court of Appeals, Eleventh Circuit.

Nov. 30, 1983.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

## ORDER

Plaintiff-Appellant Sullivan, through counsel, presented to this court his motion that the court enter a temporary restraining order, pursuant to Rule 65(b) Fed.R. Civ.P., prohibiting his execution under sentence of the Florida State courts.[1] The motion was presented to this court orally by telephone call from attorneys in Atlanta and, in substantially the same form and language, by telephone call from attorneys in Jacksonville, Florida. Two judges on the panel were present in the court clerk's office where the motion was being received and recorded; the third judge was on an open telephone line from his chambers in Montgomery, Alabama. The recording of the motion was played back and, in case it was not clearly audible, the grounds of the motion were restated to the judge in Montgomery. Without interruption, the judges conferred and considered the motion.

The sole issue presented is appellant's contention that the carrying out of the appellant's death sentence by means of electrocution is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Appellant asserts this contention in an action brought against R.L. Dugger, Superintendent, Florida State Prison and Louie L. Wainwright, Secretary, Florida Department of Corrections. The action is brought under 42 U.S.C. § 1983 alleging the deprivation of a constitutional right under color of state law. Appellant does not challenge the fact or nature of his sentence or the state's right to execute him thus distinguishing this § 1983 action from one brought under 28 U.S.C. § 2254 (state habeas).

After due consideration consistent with the time available to the court, the motion is denied. *In re Kemmler,* 136 U.S. 436, 10 S.Ct. 930, 34 L.Ed. 519, *quoted in Gregg v. Georgia,* 428 U.S. 153, 170, 96 S.Ct. 2909, 2923, 49 L.Ed.2d 859 (where the Supreme Court held that a New York statute providing for electrocution as the method for carrying out a sentence of capital punishment was constitutional); *Spinkellink v. Wainwright,* 578 F.2d 582, 616 (5th Cir. 1978).

The court's action was immediately transmitted by telephone to the attorneys who had presented the motion and counsel for adverse parties. This order is written confirmation of the order of court announced in that fashion.

The two oral presentations are considered as one motion. At about 10:15 a.m., the written motion with accompanying record material arrived in the clerk's office and was immediately reviewed. It presents the same issue as had been telephonically communicated. Therefore the two telephone communications and the written motions are considered as one motion and this order of denial covers the motion.

---

1. Appellant had appeared before the United States District Court for the Middle District of Florida seeking temporary restraining order and a permanent injunction and appellant had filed a notice of appeal from adverse ruling by that court. The injunctive relief sought here was to prevent the carrying out of the sentence pending a trial on the merits.