_____

No. 95-1217NE
_____

Dandy Ebmeier,                        *
                                      *
          Appellant,                  *
                                      *  On Appeal from the United
     v.                               *  States District Court
                                      *  for the District
                                      *  of Nebraska.
Jill Stump, Dennis S. O'Brien,        *
and Ann Stillman,                     *
                                      *
          Appellees.                  *

_____

Submitted:  October 19, 1995

Filed:  December 4, 1995
_____

Before RICHARD S. ARNOLD, Chief Judge, WHITE,[*] Associate Justice, and
     LOKEN, Circuit Judge.
_____

RICHARD S. ARNOLD, Chief Judge.

     In this § 1983 case, Dandy Ebmeier claims Jill Stump, Dennis O'Brien,
and Ann Stillman, all former employees of the Nebraska Department of Social
Services ("NDSS"), violated his federal due-process rights by disregarding
a court-approved plan aimed at reuniting Mr. Ebmeier with his two children.
The District Court[1]

_____

     [*]The Hon. Byron R. White, Associate Justice, Retired,
Supreme Court of the United States, sitting by designation.

     [1]The Hon. Warren K. Urbom, United States District Judge for
the District of Nebraska.

granted summary judgment for the defendants, holding that, given the circumstances, Ms. Stump, Ms. Stillman, and Mr. O'Brien acted in an objectively reasonable manner.[2]  We affirm.

I.

In April, 1988, a state court in Buffalo County, Nebraska, found that Mr. Ebmeier had neglected and abused his two children.  The court therefore placed the children with NDSS.  Two months later, the court approved NDSS's "therapeutic plan."  The plan's long-term goal was reuniting Mr. Ebmeier and the children.  The court noted, however, that "the extent of the problems disclosed have not and will not, in the near future, allow reunification of the children into the family home although all reasonable efforts to accomplish that goal have been taken or are being planned for the family."

The court's skepticism was, in hindsight, well-founded.  Although the reunification plan remained in effect, the defendants decided to begin the process of terminating Mr. Ebmeier's parental rights.  Two years after the court approved the plan, a petition for termination was filed, and the court terminated Mr. Ebmeier's parental rights in November, 1990.[3]

Mr. Ebmeier claims the defendants "disregarded" both the Buffalo County Court's order approving the reunification plan and NDSS policy,[4] thereby violating his "constitutionally protected

---

[2]The District Court dismissed Mr. Ebmeier's state-law claims without prejudice.

[3]The Nebraska Supreme Court affirmed the Buffalo County Court's decision terminating Mr. Ebmeier's parental rights.  In re Interest of S.B.E. and D.E., 240 Neb. 748, 484 N.W.2d 97 (1992).

[4]The NDSS manual provides that "[a]lternatives to reunification should be considered only when all reasonable efforts to reunify the family have been exhausted and return home appears unlikely."
Nebraska Dep't of Social Services Manual, Title 474, Neb. Admin. Code § 4-007.02(2).

fundamental liberty interest in the care and custody of his children."  As the District Court put it, Mr. Ebmeier asserts a "clearly established right requiring the defendants to adhere strictly to the court order that directed them to devise a reunification plan."

## II.

The District Court did not decide whether Mr. Ebmeier had a federal right requiring the defendants to adhere unswervingly to the court-approved case plan.  Rather, the Court held that even if Mr. Ebmeier did enjoy such a right, the defendants were entitled to qualified immunity.  The Court noted the precarious situations child-welfare workers confront and the fine lines they must observe, and held that, given all the circumstances, Ms. Stillman's, Mr. O'Brien's, and Ms. Stump's actions were objectively reasonable.  We agree.

In qualified-immunity cases, however, "the threshold question . . . is whether the plaintiff has alleged the violation of a constitutional right."  Cole v. Bone, 993 F.2d 1328, 1332 (8th Cir. 1993) (citing Siegert v. Gilley, 500 U.S. 226, 111 S. Ct. 1789, 1793 (1991)).  We take this opportunity to emphasize that violations of state laws, state-agency regulations, and, more particularly, state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983.  Section 1983 guards and vindicates federal rights alone.  Mr. Ebmeier insists that he has a constitutionally protected liberty interest in the care and custody of his children, and he surely does.  The constitutional rights of parents reflect our respect for the dignity of families, and these rights constrain the actions of even the best-intentioned social workers.  But Mr. Ebmeier's particular claim is that the defendants

-3-

violated his federal constitutional rights by deviating from the court-approved case plan and by disregarding NDSS policies.[5]  We disagree.  The First Circuit put it well:

> It is established beyond peradventure that a state actor's failure to observe a duty imposed by state law, standing alone, is not a sufficient foundation on which to erect a section 1983 claim.  Although it is true that constitutional significance may attach to certain interests created by state law, not every transgression of state law does double duty as a constitutional violation.

Martinez v. Colon, 54 F.3d 980, 989 (1st Cir. 1995) (citations omitted).[6]

III.

For the reasons given above, we affirm the District Court's order.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]We are not saying that the defendants actually did disregard the court-approved plan or NDSS policy.  On our reading, the text and tone of the court's order and of the relevant statements of NDSS policy are aspirational, not mandatory.  For example, the manual calls on caseworkers to reassess periodically the possibility of attaining the original goals of a case plan.  Neb. Dep't of Social Services Manual, Title 474, Neb. Admin. Code § 4-007.02.

[6]See also Cole v. Bone, 993 F.2d 1328, 1334 (8th Cir. 1993) (issue under § 1983 is whether defendant violated federal or constitutional rights, not whether he violated policies of state agency); Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1988) (police department guidelines do not create constitutional rights); Myers v. Morris, 810 F.2d 1437, 1469-70 (8th Cir.) (violation of state law not cognizable under § 1983), cert. denied, 484 U.S. 828 (1987).