United States Court of Appeals,

Eleventh Circuit.

No. 96-9334.

Ellis Wayne FELKER, Larry Grant Lonchar, Plaintiffs-Appellants,

v.

Tony TURPIN, Wayne Garner, John Doe, Defendants-Appellees.

Nov. 13, 1996.

Appeal from the United States District Court for the Middle District of Georgia. (No. 5:96-CV-425-4(DF), Duross Fitzpatrick, Chief Judge.

Before TJOFLAT, COX and DUBINA, Circuit Judges.

PER CURIAM:

Ellis Wayne Felker and Larry Grant Lonchar (collectively "Plaintiffs") are Georgia inmates under sentence of death. On November 8, 1996, less than one week prior to their scheduled executions, they filed a 42 U.S.C. § 1983 action in the Middle District of Georgia. In their complaint, they alleged that Georgia's use of electrocution to carry out a death sentence constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. They requested declaratory and injunctive relief. Following review of arguments and affidavits, the district court issued an order denying their request for a preliminary injunction and declaratory relief, concluding that they had no chance of success on the merits. The court then entered final judgment denying relief. Plaintiffs now appeal.

Plaintiffs have filed a motion for expedited oral argument and review. The request that review be expedited is GRANTED. The request for oral argument is DENIED. We now address the merits of

Plaintiffs' appeal, which presents a single issue:  whether the district court erred as a matter of law in denying relief on their Eighth Amendment claim.

## I. RELEVANT PROCEDURAL HISTORY

Prior to filing their § 1983 complaint, Plaintiffs filed separate 28 U.S.C. § 2254 petitions for writs of habeas corpus in the Middle District of Georgia.  In Lonchar's petition, Lonchar challenged, among other things, the constitutionality of Georgia's method of execution.  Upon Lonchar's motion, the district court dismissed the petition with prejudice.  In Felker's petition, Felker challenged the constitutionality of his conviction and sentence, but did not challenge Georgia's method of execution.  In 1995, we affirmed denial of that petition.  *See Felker v. Thomas,* 52 F.3d 907, 913 (11th Cir.), *extended on denial of rehearing,* 62 F.3d 342 (11th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 956, 133 L.Ed.2d 879 (1996).

## II. DISCUSSION

### A. § 1983 CLAIM SUBJECT TO SECOND OR SUCCESSIVE HABEAS RULES

Guided by *Gomez v. United States District Court,* 503 U.S. 653, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992), as interpreted by *Lonchar v. Thomas,* --- U.S. ----, ----, 116 S.Ct. 1293, 1301, 134 L.Ed.2d 440 (1996), we conclude that Plaintiffs' § 1983 claim is subject to the procedural requirements for bringing a second or successive habeas claim.

In *Gomez,* the Court refused to consider the merits of a plaintiff's cruel and unusual punishment claim brought under § 1983 where the plaintiff did not raise that claim in his earlier habeas

petitions. According to the Court, habeas rules *would* apply, even if § 1983[was] also a proper vehicle for his "method of execution' claim...." *Lonchar,* --- U.S. at ----, 116 S.Ct. at 1301 (interpreting *Gomez* ). In other words, *Gomez* held that a plaintiff cannot escape the rules regarding second or successive habeas petitions by simply filing a § 1983 claim.

We treat Plaintiffs' § 1983 cruel and unusual punishment claim as the functional equivalent of a second habeas petition, *see Gomez,* 503 U.S. at 653-54, 112 S.Ct. at 1653 (1992), and apply the rules regulating second or successive habeas petitions.[1] Because Plaintiffs failed to apply for permission to file a second habeas petition as required by 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, tit. I (1996), the district court was without authority to consider their request for relief.

Moreover, the facts alleged do not show that Felker could meet the § 2244(b)(2) requirements for filing a second or successive petition. Specifically, his cruel and unusual punishment claim neither "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" nor has a "factual predicate [that] could not have been discovered previously through the exercise of due diligence...." *See* 28 U.S.C. § 2244(b)(2). Therefore, we would have denied any application for permission to

---

[1]In light of *Gomez,* we decline to follow *Sullivan v. Dugger,* 721 F.2d 719, 720 (11th Cir.1983), to the extent that it can be read to imply that a petitioner may bring a cruel and unusual punishment claim under § 1983 without being subject to the procedural rules governing second or successive petitions.

file a second habeas petition made by Felker.

Lonchar could not present his claim in a second habeas petition because he presented the exact same claim in his previous federal habeas petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

B. § 1983 CLAIM AS DISTINCT FROM SECOND OR SUCCESSIVE HABEAS PETITION

Even if we were to assume that Plaintiffs' action was properly brought under § 1983 and not subject to habeas procedural requirements, we would conclude the district court properly denied Plaintiffs' claim for relief.

In light of overwhelming precedent, we conclude there is no merit in Plaintiffs' claim that death by electrocution constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *See In re Kemmler,* 136 U.S. 436, 443-44, 10 S.Ct. 930, 932, 34 L.Ed. 519 (1890); *Porter v. Wainwright,* 805 F.2d 930, 943 n. 15 (11th Cir.1986); *Funchess v. Wainwright,* 788 F.2d 1443, 1446 (11th Cir.), *cert. denied,* 475 U.S. 1133, 106 S.Ct. 1668, 90 L.Ed.2d 209 (1986); *Sullivan v. Dugger,* 721 F.2d 719, 720 (11th Cir.1983); *Spinkellink v. Wainwright,* 578 F.2d 582, 616 (5th Cir.1978). Moreover, their contention in the district court that "there has never been an evidentiary hearing on the effects of execution by electrocution since the first capital defendant was killed under this method," Memorandum of Law in Support of Application for Preliminary Injunction and Complaint for Declaratory and Injunctive Relief Pursuant to 42 U.S.C. § 1983 at

6, is simply untrue. *See e.g. Sawyer v. Whitley,* 772 F.Supp. 297, 307 (E.D.La.1991)(considering expert evidence before rejecting Eighth Amendment claim regarding death by electrocution); *Thomas v. Jones,* 742 F.Supp. 598, 606-608 (S.D.Ala.1990)(same); *Buenoano v. Dugger,* No. 90-473-CIV-ORL-19, unpublished at 31-35, 1990 WL 119637 (M.D.Fla. June 22, 1990)(same); *Ritter v. Smith,* 568 F.Supp. 1499, 1525 (S.D.Ala.1983)(same), *aff'd in part and rev'd in part on other grounds,* 726 F.2d 1505, 1519 (11th Cir.), *and cert. denied,* 469 U.S. 869, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984).

Furthermore, Lonchar's claim is barred because of the doctrine of issue preclusion. Under that doctrine, Lonchar is precluded from asserting a § 1983 claim that Georgia's use of electrocution to carry out a death sentence is unconstitutional because he raised that issue in his prior federal habeas petition. *See Quarles v. Sager,* 687 F.2d 344, 346 (11th Cir.1982)(discussing preclusive effect that federal habeas petition could have on a § 1983 claim); *Hawkins v. Risley,* 984 F.2d 321, 323 (9th Cir.1993)("[A] prior federal habeas decision may have preclusive effect in a § 1983 action [even though the converse is not true].").

## III. CONCLUSION

Whether analyzed as a § 2254 claim or a § 1983 claim, Plaintiffs' claim for relief fails for the above reasons. Therefore, the judgment of the district court is affirmed.

AFFIRMED.