Robert E. WILLIAMS, Plaintiff,

v.

Frank X. HOPKINS, Individually and in his capacity as Warden, Nebraska State Penitentiary, Defendant.

No. 4:97CV3360.

United States District Court, D. Nebraska.

Nov. 21, 1997.

David A. Domina, Gina L. Schaecher, Domina Law pc, Omaha, NE, for Plaintiff.

Don Stenberg, Atty. Gen., J. Kirk Brown, Asst. Atty. Gen., Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

The courts of Nebraska have sentenced Robert E. Williams (Williams), a state prisoner, to die. The death sentence imposed upon him for murdering Catherine Brooks has been affirmed after searching federal habeas corpus review. *See, e.g., Williams v. Clarke,* 40 F.3d 1529 (8th Cir.1994) (affirming the denial of a writ of habeas corpus regarding the conviction and death sentence imposed upon Williams for the death of Catherine Brooks), *cert. denied,* 514 U.S. 1033, 115 S.Ct. 1397, 131 L.Ed.2d 247 (1995) (*Williams I* ).

Pursuant to 42 U.S.C. § 1983, Williams now sues Frank X. Hopkins (Hopkins), the warden of the state penitentiary, for injunctive relief and monetary damages. Williams claims that Hopkins plans to electrocute him on December 2, 1997, in violation of Williams' constitutional rights.

Under the Eighth and Fourteenth Amendments, Williams essentially makes two claims: (1) overall, death by electrocution is both cruel and unusual punishment; and (2) since Hopkins intends to violate the mandate of Neb.Rev.Stat. § 29–2532 (Michie 1995) by using multiple applications of electric current rather than one application of current to cause death, the penalty as specifically applied to Williams is both cruel and unusual. Accordingly, Williams wants me to stop his execution by the issuance of an injunction, and he requests an award of damages.

Because Williams brings this civil action as a "prisoner," *see* 28 U.S.C. § 1915A(c), I am obligated to review this case, without motion of a party[1], pursuant to

---

1. The statute requires review "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). This case was filed on November 18, 1997. On No-

the provisions of 28 U.S.C. § 1915A(a).[2] After careful review, I conclude that Williams' complaint is legally "frivolous" within the meaning of 28 U.S.C. § 1915A(b)(1), and thus Williams, complaint must be dismissed. My reasons for this ruling are set forth below.

## I.

Williams has filed a clear and straightforward complaint signed and prepared by his new lawyers who have courageously taken this case for free.[3] The following is a fair summary of that passionately drafted document.

Williams, claiming to be an inmate at the Nebraska State Penitentiary under a state-court sentence of death, brings his case pursuant to 42 U.S.C. § 1983, requesting that this court declare Neb.Rev.Stat. § 29–2532 (Michie 1995) unconstitutional and enjoin defendant Frank X. Hopkins, warden of the Nebraska State Penitentiary, from applying this statute in an unconstitutional manner. (Filing 1, Complaint at 1.) Williams also asks for damages.

Williams alleges that the statute and its planned application in Williams' case violate the Eighth and Fourteenth Amendments to the United States Constitution. He asserts that the electrocution will violate his constitutional rights because (1) section 29–2532 makes electrocution the sole method of administering the death penalty in Nebraska and death by electrocution is unconstitutionally cruel and unusual; and (2) defendant Hopkins intends to electrocute Williams on December 2, 1997, by causing more than one current of electricity to pass through Williams' body, contrary to the language of section 29–2532, which provides that the punishment of death shall be inflicted by causing "a current of electricity of sufficient intensity to cause death" to pass through the convicted person's body and that "such current shall be continued until such convicted person is dead." Neb.Rev.Stat. § 29–2532[4].

Regarding his first claim, Williams alleges that death by electrocution inherently violates the Eighth Amendment because it violates the "'evolving standards of decency that mark the progress of a maturing society,'"[5] and is thus constitutionally unusual and cruel. Williams alleges that Nebraska is one of only five states that permit death by electrocution and active efforts to change the law are in progress in three of those states; that virtually every state, except Nebraska, has abandoned electrocution as the sole means for administering the death penalty; that 12 states have rejected the death penalty altogether; and that 26 states, the United States government, and the United States military have rejected electrocution as a

vember 19, 1997, I told counsel for both sides, during a meeting in my chambers, that I would immediately conduct such a review. Since I had a brief from Williams, I invited counsel for Hopkins to submit a brief as well. Counsel for Hopkins submitted a brief on November 20, 1997. Williams' counsel also submitted a supplemental brief and evidence (filing 6) on November 20, 1997. I have considered all of these submissions.

2. This is true even though Williams has paid the filing fee. The statute requires the court to engage in such a review whenever a complaint is filed by a prisoner in a civil case seeking redress from a governmental entity or officer or employee. 28 U.S.C. § 1915A(a). The plain words of the statute do not exempt fee-paying prisoners from such review.

3. The court compliments Mr. Domina and Ms. Schaecher for taking this case pro bono. Their selfless service to the interests of justice are in accord with the very highest standards of the legal profession.

4. Neb.Rev.Stat. § 29–2532 provides in its entirety:

> The mode of inflicting the punishment of death, in all cases, shall be by causing to pass through the body of the convicted person a current of electricity of sufficient intensity to cause death; and the application of such current shall be continued until such convicted person is dead. The warden of the Nebraska Penal and Correctional Complex, and in case of his death, sickness, absence or inability to act, then the deputy warden, shall be the executioner; *Provided*, the warden may in writing specially designate and appoint a suitable and competent person to act for him, and under his direction, as executioner in any particular case. A crime punishable by death must be punished according to the provisions herein made and not otherwise.

5. *Furman v. Georgia*, 408 U.S. 238, 242, 92 S.Ct. 2726, 2728, 33 L.Ed.2d 346 (1972) (Douglas, J., concurring) (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958)).

means of administering the death penalty. (Filing 1 at 6–7.) Further, Williams alleges that observations by persons witnessing administration of the death penalty have made it clear that death by electrocution is painful, disfiguring, and prolonged, and that technology has now made it possible to administer the death penalty in more humane ways. (Filing 1 at 8–9.)

In his second claim, Williams alleges that he knows, and has reason to know from the prior Nebraska electrocutions of John J. Joubert on July 17, 1996, and Harold Lamont Otey on September 2, 1994, that defendant Hopkins plans to allow more than one current of electricity to pass through Williams' body because four currents of electricity were delivered to both Joubert and Otey, and Hopkins cannot know in advance the amount of electrical current which will be necessary to cause Williams' death. Williams alleges that Hopkins' plan to use multiple currents of electricity to cause Williams' death violates the specific language of Neb.Rev.Stat. § 29–2532, which authorizes "a current" of electricity to be used to cause death. (Filing 1 at 4–6.)

## II.

■ A civil rights complaint is "frivolous" (and "malicious") if it is based upon an " 'indisputably meritless legal theory' " or the claim is based upon " 'factual contentions [that] are clearly baseless.' " *See, e.g., Kane v. Lancaster County Dep't of Corrections,* 960 F.Supp. 219, 222 (D.Neb.1997) (quoting *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), which examined 28 U.S.C. § 1915(d) before the 1996 amendments) Williams' complaint is "frivolous" because it is based upon an "indisputably meritless legal theory." I have the following six reasons for this conclusion.

■ First, Williams "cannot use the federal civil rights statutes, as opposed to the federal habeas corpus statutes, in order to stop execution of his death sentence if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.' " *Palmer v. Nebraska Supreme Court,* 927 F.Supp. 370, 371 (D.Neb.1996) (dismissing section 1983 action brought by prisoner under a sentence of death and applying *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994) and *Eutzy v. Tesar,* 880 F.2d 1010, 1011 (8th Cir.1989)) (emphasis in *Palmer* ). Here, Williams clearly tries to invalidate his sentence. Accordingly, Williams cannot use section 1983 as a vehicle to invalidate his death sentence.

■ Second, Williams cannot assert in this federal civil rights case a claim that he also unsuccessfully asserted in his federal habeas corpus action. *See, e.g., Felker v. Turpin,* 101 F.3d 95, 96–97 (11th Cir.) (death row inmates' civil rights claim challenging Georgia's use of electrocution was subject to procedural requirements for bringing second or successive habeas claim, and inmates could not present the claim again because it had been presented in a prior habeas corpus action), *cert. denied,* —— U.S. ——, 117 S.Ct. 450, 136 L.Ed.2d 345 (1996); *Warren v. McCall,* 709 F.2d 1183, 1184–86 (7th Cir. 1983) (adverse judgment in habeas corpus case barred civil rights suit brought by prisoner raising the same issues and involving the same or similar parties). In his prior federal habeas corpus case, Williams claimed that "death by electrocution constitutes cruel and unusual punishment." *Williams v. Clarke,* 40 F.3d at 1534–35. Since Williams "subsequently abandoned" that issue [6], the Court of Appeals accordingly "decline[d] to address the issue[ ]" on appeal, *id.* at 1535, and instead affirmed his sentence. *Id.* at 1544. As a result, we will not allow Williams to relitigate the electrocution issue because he had a fair opportunity to present it once before, and he elected to abandon it instead. *Turpin,* 101 F.3d at 97 (applying 28 U.S.C. § 2244(b)(1) & (2) principles to civil rights case).

■ Third, because Williams does not claim that he applied for permission to file a second habeas corpus action pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, tit. I (1996), and because I must treat this civil rights action

6. Williams was represented by counsel in *Williams I.* He has different counsel in this case.

as the functional equivalent of a second habeas corpus action, *Turpin,* 101 F.3d at 96, I am without subject matter jurisdiction to consider his request for relief. *Id. Accord In re Sapp,* 118 F.3d 460, 463–64 (6th Cir.) (following *Turpin* in Kentucky inmate's civil rights action challenging electrocution as the method of execution), *cert. denied,* —— U.S. ——, 117 S.Ct. 2536, 138 L.Ed.2d 1035 (1997).

Fourth, the United States Supreme Court and the lesser federal courts have consistently found death by electrocution to be constitutionally permissible. *See, e.g, In re Kemmler,* 136 U.S. 436, 443–44, 10 S.Ct. 930, 932–33, 34 L.Ed. 519 (1890); *Turpin,* 101 F.3d at 97 (collecting cases). As a result, there is no precedent to support Williams' first claim that death by electrocution violates the federal constitution.

Fifth, the United States Supreme Court and the lesser federal courts have consistently found that the need to apply current more than once when executing a person by electrocution does not violate federal constitutional standards if there is "no suggestion of malevolence." *Louisiana ex rel. Francis v. Resweber,* 329 U.S. 459, 463, 466, 67 S.Ct. 374, 376, 377, 91 L.Ed. 422 (1947); *Hamblen v. Dugger,* 748 F.Supp. 1498, 1503 (M.D.Fla.1990) ("[P]recedent firmly establishes that the need to apply current more than once does not violate constitutional standards.") (citing *Resweber*). Williams does not claim that Hopkins is acting with malice, and, if he did, such a claim would be fanciful unless supported by facts. As a result, there is no precedent to support Williams' second claim that successive applications of electrical current to cause death violates federal constitutional standards.

Sixth, Williams' second claim (Hopkins will violate the meaning of Neb.Rev. Stat. § 29–2532 if he applies successive applications of current), primarily raises a state law issue of construction, and such an issue is generally for the state courts. *Reeves v. Hopkins,* 76 F.3d 1424, 1427 (8th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). To the extent that Williams has a federal liberty interest in how Hopkins will apply the Nebraska statute, I am persuaded that the Nebraska statute

does not prohibit Hopkins from using multiple applications of current to cause Williams' death. I arrive at this conclusion because the United States Supreme Court faced a nearly identical state statute in *Resweber,* 329 U.S. at 474–75, 67 S.Ct. at 381–82, and found no constitutional violation. *Id.* at 466, 67 S.Ct. at 377.

### III.

Williams' claims are legally frivolous, and I must therefore dismiss them. While Williams raises profound public policy questions, a federal district judge has no authority to answer them.

Accordingly,

IT IS ORDERED that:

1. Judgment will be entered today by separate document dismissing this case with prejudice because it is legally frivolous.

2. My staff shall give counsel for the parties immediate telephone and fax notice of this decision.

### JUDGEMENT

Pursuant to the court's previous Memorandum and Order, Plaintiff's complaint is dismissed with prejudice because it is legally frivolous within the meaning of 28 U.S.C. § 1915A(b)(1).