**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-4088

Robert E. Williams,               *
                                    *
       Plaintiff-Appellant,    *  Appeal from the United States
                                   *  District Court for the
   v.                       *  District of Nebraska.
                                   *
Frank X. Hopkins, Individually   *
and in his capacity as Warden of  *
the Nebraska State Penitentiary,  *
                                 *
       Defendant-Appellee.

_____

Submitted:  November 28, 1997
         Filed:   November 28, 1997
_____

Before HANSEN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.
_____

HANSEN, Circuit Judge.

Robert E. Williams, a Nebraska prisoner sentenced to die by electrocution on December 2, 1997, appeals the district court's[1] order dismissing as frivolous his civil rights suit, which was filed pursuant to 42 U.S.C. § 1983 (1994). Williams' complaint seeks declaratory, injunctive, and monetary relief, challenging the constitutionality of death by electrocution in general and, more specifically, the constitutionality of the

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

particular method by which Nebraska allegedly administers the electrical current for electrocutions.  We affirm the judgment of the district court.

## I.

Williams was apprehended after committing a string of violent acts in 1977.  A Nebraska state court jury convicted him of two counts of first-degree murder and one count of first-degree sexual assault.  A panel of three state trial judges sentenced Williams to death by electrocution for each murder conviction and to an indeterminate sentence of imprisonment not to exceed 25 years for the sexual assault conviction.  The Supreme Court of Nebraska upheld Williams' convictions and sentences on direct appeal and in post conviction proceedings.  See State v. Williams, 287 N.W.2d 18 (Neb. 1979), cert. denied, 449 U.S. 891 (1980); State v. Williams, 352 N.W.2d 538 (Neb. 1984); State v. Williams, 358 N.W.2d 195 (Neb. 1984); State v. Williams, 396 N.W.2d 114 (Neb. 1986).

In 1987, Williams filed his first application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his amended petition filed by appointed counsel (who was not his present counsel), Williams presented the issue of whether death by electrocution is constitutional, but he later abandoned the issue so it was never addressed by the district court.  The district court granted the writ as to one death sentence, concluding that the sentence had been based in part on an unconstitutional aggravating factor, and denied the writ as to the remaining death sentence.  See Williams v. Clarke, 823 F. Supp. 1486 (D. Neb. 1993) (subsequent history omitted).  On appeal to this court, Williams again raised in his brief the issue of whether death by electrocution violates the Eighth Amendment's prohibition of cruel and unusual punishment, but we declined to reach it because Williams had abandoned the issue before the district court, and the district court had not determined it.  We affirmed the district court's denial of habeas corpus relief as to the murder conviction appealed.  See

<u>Williams v. Clarke</u>, 40 F.3d 1529, 1531, 1544 (8th Cir. 1994), <u>cert.</u> <u>denied</u>, 514 U.S. 1033 (1995).

On the day of his scheduled execution in March 1995, Williams filed a second federal habeas corpus action, asserting new evidence of alleged juror misconduct. The day before he had filed another state post conviction relief action on the same basis. Williams voluntarily dismissed his second federal habeas action pursuant to Rule of Civil Procedure 41(a)(1), <u>see</u> <u>Williams v. Clarke</u>, 82 F.3d 270, 272-73 (8th Cir. 1996), after the Supreme Court of Nebraska granted Williams a stay of execution and ordered an evidentiary hearing on the juror misconduct issue. Ultimately, the state courts denied Williams' post conviction action based on alleged juror misconduct, <u>see</u> <u>State v. Williams</u>, 568 N.W.2d 246 (Neb. 1997) <u>cert.</u> <u>denied</u>, 97-6860, 1997 WL 732087 (U.S. Nov. 26, 1997), and the instant death warrant issued.

It is once again the eleventh hour for Mr. Williams. He has now filed this 42 U.S.C. § 1983 action, challenging the constitutionality of Nebraska's statutory choice of carrying out death sentences by electrocution, and the constitutionality of the particular method by which Nebraska is alleged to administer the electrical current for electrocutions. The district court dismissed Williams' § 1983 complaint as legally frivolous. Williams appeals.

**II.**

Williams challenges the district court's conclusion that his complaint is legally frivolous. A complaint "'is frivolous where it lacks an arguable basis either in law or in fact.'" <u>Cokeley v. Endell</u>, 27 F.3d 331, 332 (8th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)). The district court gave six reasons underlying its determination that Williams' complaint is frivolous, including that this § 1983 suit is the functional equivalent of a successive habeas corpus petition, which was improperly filed without first obtaining permission pursuant to 28 U.S.C. §

2244(b)(3)(A) and which asserts the same claim that Williams raised but abandoned in his first habeas corpus complaint filed ten years ago. Williams argues on appeal that this case is not subject to the habeas rules barring a successive habeas complaint but is instead a valid § 1983 challenge to the method of execution, which he argues is a condition of his confinement and not an attack on his sentence.

The Eighth Amendment proscribes "punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). Claims challenging the conditions of confinement or the method by which a sentence is being carried out may be asserted through a § 1983 cause of action. However, a state prisoner challenging the fact or duration of a sentence of imprisonment and seeking immediate or speedier release has a federal remedy through habeas corpus and cannot bring a claim under § 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Otey v. Hopkins, 5 F.3d 1125, 1131 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994).

In Gomez v. United States District Court, 503 U.S. 653, 653 (1992), the Supreme Court refused to consider an eleventh-hour § 1983 challenge to a method of execution (death by cyanide gas), holding that the action was "an obvious attempt to avoid the application of McCleskey v. Zant, 499 U.S. 467 (1991)," which would otherwise act to bar the condemned prisoner's successive complaint. The Court further noted that even assuming the petitioner could avoid the application of the restrictions on successive habeas claims by labeling his action as a § 1983 claim, the Court would not consider the merits. Id. The Court explained that the petitioner was seeking an equitable remedy, regardless of the label attached to the claim. The Court stated the following:

> Equity must take into consideration the State's strong interest in proceeding with its judgment and [the petitioner's] obvious attempt at

manipulation. This claim could have been brought more than a decade ago. There is no good reason for this abusive delay, which has been compounded by last-minute attempts to manipulate the judicial process. A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.

Id. at 654. See also Lonchar v. Thomas, 116 S. Ct. 1293, 1301 (1996) (explaining Gomez as holding that the habeas rules do apply to a last minute § 1983 method of execution claim) (citations omitted).

In Williams' case, though he challenges the method of execution and asserts this is a § 1983 case, his last-minute request for equitable relief seeks to stop or delay his execution. The Sixth and Eleventh Circuits have considered similar cases in light of the Supreme Court's decisions in Gomez and Lonchar, and they each determined that a prisoner may not circumvent the habeas rules restricting successive claims by filing a § 1983 claim to challenge the method of execution. The Sixth Circuit observed that a "challenge to the manner of execution is a challenge seeking to interfere with the sentence itself, and thus, is properly construed as a petition for habeas corpus." In re Sapp, 118 F.3d 460, 462 (6th Cir.), cert. denied 117 S.Ct. 2536 (1997). Similarly, the Eleventh Circuit treated a § 1983 challenge to the method of execution as a second habeas petition and concluded that the "[p]laintiff's § 1983 claim is subject to the procedural requirements for bringing a second or successive habeas claim." Felker v. Turpin, 101 F.3d 95, 96 (11th Cir.), cert. denied 117 S.Ct. 450 (1996). We find the reasoning of these cases persuasive. Accordingly, we believe that the district court correctly determined that Williams' current complaint is the functional equivalent of a successive habeas action, regardless of its technical label.

Treating Williams' § 1983 claim as the functional equivalent of a successive habeas action, we agree with the district court's assessment that Williams failed to request permission of this court pursuant to 28 U.S.C. § 2244(b)(3)(A) (1996) to file a successive habeas corpus application. Thus, the district court's alternative reasoning

that it was without jurisdiction to consider Williams' request for relief is correct.  See In re Sapp, 118 F.3d at 464; Felker, 101 F.3d at 96. Furthermore, even if he had requested permission from us to file a successive habeas corpus application, the allegations of Williams' claim do not meet the statutory requirement that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2)(B)(i), and we would have been compelled to deny him permission to file.

Williams raised the general constitutional issue of whether death by electrocution constitutes cruel and unusual punishment in his first federal habeas complaint filed over a decade ago, but voluntarily abandoned the issue.  The factual predicate was available at that time but Williams chose not to pursue it.  Deliberate abandonment of a claim in a prior habeas action disentitles a prisoner to habeas relief when he later raises the same issue in a second habeas petition. McCleskey v. Zant, 499 U.S. 467, 489 (1991); Sanders v. United States, 373 U.S. 1, 18 (1963).  Williams contends that the basis for his specific challenge to the manner in which the electrical current is allegedly administered by Nebraska was not available until after Harold Lamont Otey was executed using four currents of electricity on September 2, 1994, and that it was not ripe until the present death warrant was issued on October 10, 1997.  Williams claims that the state statute provides that the electrocution must be administered in one continuous current of electricity, not intermittent currents. See Neb. Rev. Stat. § 29-2532 (1995) (providing that electrocution is to be accomplished by "a current of electricity of sufficient intensity to cause death").  Even assuming the factual predicate was not available until 1994, Williams' delay in bringing this claim is manipulative and abusive.  This claim was available in March 1995, and ripe on the date of Williams' first scheduled execution when he filed and then voluntarily dismissed his second federal habeas complaint, yet he did not include the claim at that time, nor does the record before us show that he included  it in his state court post conviction pleading filed at the same time.  Only now, on the eve of another scheduled execution date, has Williams offered this theory to the federal courts.  For these reasons, the habeas rules

themselves and the equitable principles articulated in <u>Gomez</u> and <u>Lonchar</u> bar Williams' claims at this late hour regardless of whether his action is considered a § 1983 claim or a successive habeas corpus application.

Even absent the procedural roadblocks which preclude any relief for him, the merits of Williams' claim clearly lack an arguable basis in law. The district court correctly noted that a constitutional challenge to death by electrocution has never been successful, citing <u>In re Kemmler</u>, 136 U.S. 436, 443-44 (1890), and <u>Felker</u>, 101 F.3d at 97 (collecting cases). As the Sixth Circuit stated in <u>Sapp</u> earlier this year:

> Electrocution has never been found to be cruel and unusual punishment by any American court. <u>See</u>, <u>e.g.</u>, <u>In re Kemmler</u>, 136 U.S. at 443-44; <u>Ingram v. Ault</u>, 50 F.3d 898 (11th Cir. 1995); <u>Felker</u>, 101 F.3d at 97; <u>Porter [v. Wainwright]</u>, 805 F.2d [930,] 943 n.15 [(11th Cir. 1986), <u>cert.</u> <u>denied</u>, 482 U.S. 918 (1987)]; <u>Glass v. Louisiana</u>, 471 U.S. 1080 (1985) (Brennan, J., dissenting from denial of certiorari) ("such claims have uniformly and summarily been rejected"). No legislatively authorized method of execution in the United States is outlawed in any jurisdiction by any currently-effective court decision. [<u>Gomez v.</u>]<u>Fierro</u>, 117 S. Ct. [285,] 285 [(1986)]; <u>Rupe v. Wood</u>, 863 F. Supp. 1307 (W.D. Wash. 1994), <u>vacated as moot</u>, 93 F.3d 1434 (9th Cir. 1996). The very practice of electrocution has been upheld by other courts within the past year, and there is no argument even plausible that there are differences in the level of "evolving decency" among the different circuits or states of the union, or over the last very few years.

118 F.3d at 464.

Williams' claim that the warden intends to violate the Nebraska execution statute by passing more than "a" current of electricity into his body raises the potential of a violation of state law. Ordinarily, an alleged violation of state law does not by itself state a claim redressable by a § 1983 action. "Mere violation of a state statute does not

infringe the federal Constitution." <u>Snowden v. Hughes</u>, 321 U.S. 1, 11 (1944); <u>Whisman v. Rinehart</u>, 119 F.3d 1303, 1312 (8th Cir. 1997). Only federal rights are "guarded and vindicated" by § 1983. <u>Ebmeier v. Stump</u>, 70 F.3d 1012, 1013 (8th Cir. 1995). To the extent that Williams asserts that passing more than one current of electricity into his body to effect his death is cruel and unusual punishment barred by the Eighth Amendment, his claim is foreclosed by <u>Louisiana ex rel. Francis v. Resweber</u>, 329 U.S. 459, 463, 466 (1947), absent any suggestion of malevolence. <u>See</u> <u>also</u> <u>Hamblen v. Dugger</u> 748 F. Supp. 1498, 1503 (M.D. Fla. 1990). Here, Williams makes no claim that the warden will maliciously pass more than one current of electricity into him.

**III.**

For these reasons, the district court did not err by dismissing Williams' § 1983 complaint with prejudice. Accordingly, we affirm the judgment of the district court. Williams' application for an injunction staying his execution is denied as moot.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.

I concur in all of the court's opinion except for that part which discusses the merits of Mr. Williams' constitutional challenge to execution by electrocution found in the full paragraph on page 7, <u>ante</u>.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.