**Paulette PAHNKE, individually and as Parent and Natural Guardian of Brittany Newman, Alyssa Newman and Michael Newman, minors, Plaintiffs,**

v.

**ANDERSON MOVING AND STORAGE; Home Apartment Development, LLC; County of Houston; City of LaCrescent; John Doe; and Jim Doe, Defendants.**

No. Civ.041299 PAM/RLE.

United States District Court,
D. Minnesota.

April 21, 2005.

Jeffrey Allen Hanson, Hanson Law Firm, William L. French, French Law Office, Rochester, MN, for Plaintiff.

Stephen G. Andersen, Ratwik Roszak & Maloney, PA, Holly J. Tchida, Hinshaw & Culbertson, Minneapolis, MN, Nicholas J. O'Connell, Thomas A. Gilligan, Jr., Murnane Conlin White & Brandt, St Paul, MN, James S. McAlpine, Dyan J. Ebert, Quinlivan & Hughes, St Cloud, MN, Jason M. Hiveley, Jon K. Iverson, Susan M. Tindal, Iverson Reuvers, LLC, Bloomington, MN, for Defendants.

## MEMORANDUM AND ORDER

MAGNUSON, District Judge.

This matter is before the Court on Defendants' Motions for Summary Judgment. For the reasons that follow, the Motions are granted on Plaintiffs' federal claims and denied as moot on Plaintiffs' state law claims. The remaining state law claims, counterclaims, and cross-claims are remanded to Olmsted County District Court.

## BACKGROUND

Plaintiffs are Paulette Pahnke, individually, and as parent and guardian of Brittany, Alyssa, and Michael Newman. In 1999, Pahnke rented her first apartment from Defendant Home Apartment Development, LLC ("Home"). Her lease ran from October 1, 1999, to September 30, 2000. During the term of this lease, Pahnke wrote two bad checks, totaling $1,100.

In August 2002, Pahnke again sought to rent from Home. Home agreed to rent her an apartment, so long as she paid off her previous $1,100 debt. She signed a lease for September 1, 2002, to August 31, 2003, and agreed to pay the $1,100 debt in $200 monthly installments. However, Pahnke failed to make this $200 payment in September 2002. Home served Pahnke with a Notice to Pay or Vacate Premises. (O'Connell Aff. Ex. F.) Pahnke negotiated with Home and modified her payment schedule to allow her to pay $100 a month in October, November, and December 2002, with the balance due in January 2003 or soon thereafter. Pahnke made one payment in October 2002, but failed to pay the remaining installments. Pahnke also failed to make monthly rent payments in October and November 2002.

Home again served Pahnke with a Notice to Pay Rent or Vacate. (*Id.* Ex. I.) This notice advised Pahnke that if she did not pay her October 2002 rent by November 2, 2002, Home would begin eviction proceedings in the Houston County court. Pahnke failed to pay her October rent. Home filed its eviction papers on November 7, 2002. (*Id.* Ex. J.) The Houston County Court Administrator issued an evictions summons and scheduled an unlawful detainer hearing for November 26, 2002. (*Id.* Ex. K.) On November 15, 2002, Pahnke was personally served with this summons. (*Id.* Ex. L.)

On November 26, 2002, Judge Robert R. Benson presided over the unlawful detainer hearing. Judge Benson determined that although Pahnke was in violation of her lease, she could exercise her right of redemption if she immediately paid the $1,275 outstanding balance. Pahnke allegedly contacted Karen Goetzinger at Houston County Human Services about this payment. Pahnke contends that Goetzinger represented that Human Services could guarantee the payment, but not during that day. Rather, it would take a couple of days for the check to be paid out.

Because Pahnke could not exercise her right to redemption at that time, Judge Benson ordered Pahnke to vacate her apartment, but delayed the issuance of the writ of restitution for seven days—to December 3, 2002. Pahnke acknowledged at this hearing that she had seven days to vacate the apartment. On December 4, 2002, Judge Benson issued a Writ of Re-

covery. The Writ provided in part: "you are commanded that, taking with you the force of the county, if necessary, you cause Paulette Pahnke to be immediately removed from the premises." (*Id.* Ex. M.) This Writ complied with the standard form codified in Minn.Stat. § 504B.631.

Minnesota Statute § 504B.365 governs the execution of writs of recovery. It states in part:

> The officer who holds the order to vacate shall execute it by demanding that defendant, if found in the country, any adult member of the defendant's family who is occupying the premises, or any other person in charge, relinquish possession and leave, taking family and all personal property from the premises within 24 hours.

*Id.* subd. 1(a). Subdivision 3 provides:

> If the defendant's personal property is to be stored in a place other than the premises, the officer shall remove all personal property of the defendant at the expense of the plaintiff ... The defendant must make immediate payment for all expenses of removing personal property from the premises. If the defendant fails or refuses to do so, the plaintiff has a lien on all the personal property for the reasonable costs and expenses incurred in removing, caring for, storing, and transporting it to a suitable storage space. The plaintiff may enforce the lien by detaining personal property until paid ... If no payment has been made for 60 days after the execution of the order to vacate, the plaintiff may hold a public sale.

*Id.* subd. 3(a)—(c). If a landlord or someone acting on behalf of the landlord enters the premises and removes the personal property of the tenant in violation of this section, then the tenant has been subjected to an unlawful ouster and entitled to damages under § 504B.231.

Deputy Sheriff Luke Sass from the Houston County Sheriff's Office received the Writ. (*Id.* Ex. N.) Deputy Sass and Officer William Hargrove from the City of LaCrescent Police Department went to Pahnke's apartment and served her personally with the Writ. (*Id.*) Deputy Sass told Pahnke that she needed to immediately evacuate. Pahnke objected, stating that she spoke with legal services who told her she had 24 hours to vacate and that her tenant handbook also allowed her 24 hours to vacate. Sass and Hargrove followed Judge Benson's express orders, and immediately took her keys and escorted Pahnke from the apartment. Unfortunately, at this very moment, Pahnke was hosting a birthday party for her daughter, Alyssa.

Pahnke claims that she contacted Home on December 5 about retrieving her personal property. She claims that Shirley Levock, Home's secretary, told her that she could come to the apartment on December 6 between 9:00 a.m. and 5:00 p.m. and that the door would be open for Pahnke to remove her property. Pahnke contends that she arrived at 10:00 a.m., and the door was locked. She left and returned to the apartment two separate times that day, to find the apartment locked on both occasions. Pahnke allegedly hired a moving company to assist her on December 6, but she was unable to remove her belongings from the apartment. She then called Levok at Home again, who allegedly told her that since Pahnke was not at the apartment at 9:00 a.m., no one was going to unlock the door for her.

On December 6, Home contacted Defendant Anderson Moving and Storage ("Anderson") and contracted to have Anderson remove Pahnke's personal property from the apartment. Anderson removed the property on December 9 and still has possession of it. Pahnke came to Anderson shortly after the eviction to dis-

cuss the return of her property. Anderson told her that she needed to pay the storage fees and pick up her belongings. She has not paid nor sought to pick the property up. Anderson has not heard from Pahnke since a letter from her attorney in April 2003, and the outstanding balance for storage fees is $6,441.54.

Pahnke states various claims, both individually and on behalf of her minor children, against the various Defendants. These claims include violations of Minn. Stat. § 504B.365, conversion, intentional infliction of emotional distress, misrepresentation, and negligence. Plaintiffs also claim that the City of LaCrescent and Houston County violated their constitutional rights under 42 U.S.C. § 1983.

## DISCUSSION

### A. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir.1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank,* 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krenik v. Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995).

### B. Federal Claims

Plaintiffs contend that the City of La-Crescent and Houston County violated their constitutional rights in the service and execution of the Writ of Recovery. They allege that the government entities employ an unlawful policy and procedure. Their allegations also include claims against the individual officers in their official and individual capacities.[1]

Section 1983 prohibits someone acting under the color of state law from depriving another of his or her "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim for violation of § 1983, Plaintiff must allege that Defendants violated a constitutionally protected right. *See Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Absent a violation of a constitutional right, there is no "claim cognizable under Section 1983." *Id.* at 146–47, 99 S.Ct. 2689. Plaintiffs contend that their constitutional right to property was denied without due process because they were immediately removed from their apartment in violation of Minn.Stat. § 504B.365.

As noted, Minn.Stat. § 504B.365 clearly states that the officer enforcing the writ "shall execute it by demanding that [the tenant] ... relinquish possession and leave, taking family and all personal property from the premises within 24 hours." However, Minn.Stat. § 504B.361, which provides the form for a eviction summons and writ of restitution, expressly directs to the law enforcement officer, that "you are commanded that, taking with you the force of the county, if necessary, you cause [the tenant] to be immediately removed from the premises, and the [landlord] to recover

---

1. Pending before Magistrate Judge Erickson is Plaintiffs' Motion to replace the captioned John and Jane Doe with City of the La Crescent Police Officer William Hargrove and Houston County Sheriff's Deputy Luke Sass. Regardless if this Motion before Magistrate Judge Erickson is granted or denied, Plaintiffs' claims fail.

the premises." The order issued by Judge Benson complied with § 504B.361 and ordered the immediate removal of Plaintiffs.

■ Plaintiffs' claims fail because they have not alleged a violation of a constitutional right. Although Plaintiffs have a constitutional right to remain in their home in the absence of good cause for an eviction, the fact that the government Defendants executed the Writ contrary to the procedure proscribed in § 504B.365 but consistent with Judge Benson's order under Minn.Stat. § 504B.361 does not state a federal due process claim. A violation of state law does not give rise to a constitutional violation. *See Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir.1995). Indeed, Plaintiffs cite to no authority to support their proposition that immediate eviction pursuant to a writ of recovery is a constitutional violation.

Plaintiffs were provided with sufficient due process. They received the evictions summons on November 15, and appeared at the hearing on November 26. Judge Benson stayed the execution of the Writ for seven days, and Plaintiffs acknowledged at that time that they had seven days to vacate the apartment. The fact that the officers required them to immediately vacate the premises, as required under the express terms of the Writ, but in apparent contravention of the 24 hour requirement iterated in Minn.Stat. 504B.365, does not amount to a due process claim. Because Plaintiffs fail to demonstrate the deprivation of a right protected by the Constitution, their § 1983 claim fails.

■ Even if Plaintiffs demonstrated that they were deprived of a right protected by the Constitution, their claims against these government Defendants fail. A claim against a government employee in his or her official capacity is a claim against the governmental entity itself. A governmental entity is liable under § 1983 only if it employs a policy or custom that resulted in a constitutional violation. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In this case, Plaintiffs fail to demonstrate that Houston County or the City of LaCrescent employs a custom, pattern, or practice that resulted in the deprivation of a constitutional right. Thus, Plaintiffs' claims against the government Defendants in their official capacities fail.

■ To the extent that Plaintiffs' § 1983 claims are against the government Defendants in their individual capacities, these claims also fail. Qualified immunity shields government officials from civil liability unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). As previously discussed, there is no sufficiently clear constitutional or federal statutory right to allow 24 hours to pass before removing a tenant pursuant to a court-ordered writ of recovery. Therefore, Plaintiffs' claims against the government Defendants in their individual capacities fail.

## C. State Law Claims

Plaintiffs assert various state law claims[2] against all Defendants, and the various Defendants have asserted state law counterclaims and cross-claims.[3] However, because the federal claims have no merit, the Court declines to exercise supplemental jurisdiction over the state

---

**2.** Although the Court declines to expressly address the state law claims, it highly doubts that Plaintiffs' remaining claims against Defendants will succeed on the merits.

**3.** With the exception of Home's counterclaim against Plaintiffs, the other counterclaims and cross-claims were not before the Court in these Motions.

law claims and remands the matter to Olmsted County District Court. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Plaintiffs fail to demonstrate that a genuine issue of material fact remains for trial on their federal claims. Because the Court has no jurisdiction over the state law claims, the Court need not address the merits of Plaintiffs' forthcoming Motion for Summary Judgment, and denies it as moot. However, the Court remands the remaining state law claims, counterclaims, and cross-claims to Olmsted County District Court, where this action originally commenced. Accordingly, based on all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Houston County's and John Doe's Motion for Summary Judgment (Clerk Doc. No. 28) is **GRANTED** on Count II of the Complaint;

2. Defendants City of LaCrescent's and Jane Doe's Motion for Summary Judgment (Clerk doc. No. 34) is **GRANTED** on Count II of the Complaint;

3. Defendant Anderson Moving and Storage's Motion for Summary Judgment (Clerk Doc. No. 23) is **DENIED as moot;**

4. Defendant Home Apartment Development LLC's Motion for Summary Judgment (Clerk Doc. No. 38) is **DENIED as moot;**

5. Plaintiffs' Motion for Summary Judgment (Clerk Doc. No. 51) is **DENIED as moot;**

6. Plaintiffs' Motion to Amend or Correct the Pleadings (Clerk Doc. No. 47) is **DENIED as moot;** and

7. Count II of the Complaint is **DISMISSED with prejudice;**

8. The remaining claims, counterclaims, and cross-claims are **RE-MANDED** to Olmsted County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**