**John Eldon SMITH, Plaintiff-Appellant,**

**v.**

**Wayne SNOW, W. Mobley Howell, James T. Morris, Mamie B. Reese, and Michael H. Wing, individually and as members of the State Board of Pardons and Paroles, and Ralph Kemp, individually and in his official capacity as the Warden of the Georgia Diagnostic and Classification Center, Defendants-Appellees.**

No. 83–8869.

United States Court of Appeals, Eleventh Circuit.

Dec. 14, 1983.

---

* Honorable Reynaldo G. Garza, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

John Eldon Smith filed this § 1983 action in the Northern District of Georgia. The complaint alleges that the Georgia State Board of Pardons and Paroles disposed of Smith's application for clemency in an arbitrary and capricious manner in violation of the due process clause of the Fourteenth Amendment and in violation of the Eighth and Fourteenth Amendments. The complaint requests declaratory and injunctive relief. The district court promptly heard oral argument and issued an order denying a preliminary injunction and denying an injunction pending appeal. Smith noticed his appeal and moved in this court for an injunction (enjoining his scheduled execution) pending appeal.

The appropriate standard for our review of the requested injunctive relief and the motion for injunction pending appeal is: (1) the likelihood of ultimate success on appeal; (2) irreparable injury to the movant; (3) the harm to appellees if injunctive relief is granted; and (4) the public interest.

We conclude that there is little or no likelihood of success on the merits. In *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981), the Supreme Court held that because the state of Connecticut had conferred "unfettered discretion" to commute sentences on the Connecticut Board of Pardons,[1] the

1. "The Connecticut statute imposes no limit on     what procedure is to be followed, what evi-

power vested in the Board to commute sentences "conferred no rights on respondents beyond the right to seek commutation." *Id.* at 466–67, 101 S.Ct. at 2465–66. Because the Georgia Parole Board's power to commute penalties is also completely discretionary, *see Justice v. State Board of Pardons and Paroles,* 234 Ga. 749, 218 S.E.2d 45, 46 (1975),[2] *Dumschat* is clearly controlling here and dictates the rejection of Smith's due process claim. *See also Spinkellink v. Wainwright,* 578 F.2d 582, 617–19 (5th Cir. 1978) (rejecting Fourteenth Amendment challenge in a death case to Florida clemency proceeding), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).

Although *Dumschat* involved only a Fourteenth Amendment due process claim, the failure of Smith's Eighth Amendment claim must follow from a finding that procedural due process does not attach to clemency proceedings. If one has no right to procedures, the purpose of which is to prevent arbitrariness and curb discretion, then one clearly has no right to challenge the fact that the decision is discretionary. *See Dumschat,* 452 U.S. at 467, 101 S.Ct. at 2465 (Brennan, J., concurring) (Board may deny relief for "any constitutionally permissible reason or for no reason at all"); *see also Solem v. Helm,* —— U.S. ——, 103 S.Ct. 3001, 3016, 77 L.Ed.2d 637 (1983) ("The possibility of commutation is nothing more than a hope for 'an ad hoc exercise of clemency' ").

■ Smith argues that this case is not controlled by *Dumschat, supra.* The contention is that the Eighth Amendment does not permit arbitrary and capricious application of the death penalty. Since the Georgia commutation procedure is "unfettered" to the extent that the basis of the Board's decision is not even required to be made public in writing, appellant argues that ju-

dicial review of an arbitrary and capricious procedure is frustrated.

Given the elaborate procedures established by Georgia law and approved by the Supreme Court, *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), to govern the imposition of the death penalty, the presence of "unfettered discretion" in the clemency process does not render the imposition of the death penalty on Smith arbitrary and capricious in violation of the Eighth Amendment. The discretion involved at the clemency stage can never cause the imposition of the death sentence; it serves only as an act of grace to relieve that sentence even when the sentence has been legally imposed.

For the foregoing reasons Smith's motion for injunction pending appeal is DENIED, and the judgment of the district court denying injunctive relief is AFFIRMED.[3]

---

dence may be considered, or what criteria are to be applied by the Board." *Id.* 452 U.S. at 466, 101 S.Ct. at 2465.

**2.** The only requirements imposed on the Georgia Board in regard to commuting a sentence of death to life imprisonment are that it render a written decision signed by a majority of Board members, Ga.Code Ann. § 42–9–42(a) & (b)

(1982), and that it personally study the case before it. *Id.* § 42–9–20.

**3.** By analogy to *Barefoot v. Estelle,* —— U.S. ——, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), and because of time constraints, we have reached the merits of this appeal.