United States Court of Appeals,

Eleventh Circuit.

No. 97-6306.

Walter HILL, Plaintiff-Appellant,

v.

Joe S. HOPPER, Commissioner of Alabama Department of Corrections, Defendant-Appellee.

April 17, 1997.

Appeal from the United States District Court for the Middle District of Alabama. (No. 97-T-476-N), Myron H. Thompson, Chief Judge.

Before HATCHETT, Chief Judge, and COX and BLACK, Circuit Judges.

PER CURIAM:

Appellant Walter Hill, an Alabama inmate convicted of capital murder and sentenced to death, challenges on appeal the district court's dismissal of his 42 U.S.C. § 1983 assault upon the constitutionality of electrocution as a means of execution. The State of Alabama intends to execute Hill by means of electrocution on May 2, 1997. On March 31, 1997, Appellant Hill filed a complaint in the United States District Court for the Middle District of Alabama charging that the scheduled electrocution constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Among other relief, the complaint sought to enjoin Appellee Joe S. Hopper from employing electrocution to carry out Hill's death sentence. By order dated April 10, 1997, the district court dismissed the complaint as an improper successive habeas petition. We affirm.

In *Felker v. Turpin,* 101 F.3d 95, 96 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 450, 136 L.Ed.2d 345 (1996), we

held that a prisoner may not circumvent the rules regarding second or successive habeas petitions by filing a § 1983 claim. Appellant Hill acknowledges that he has filed a previous federal habeas petition. *See Hill v. Jones,* 81 F.3d 1015 (11th Cir.), *reh'g and suggestion for reh'g en banc denied,* 92 F.3d 1202 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 967, 136 L.Ed.2d 851 (1997). As Hill's § 1983 cruel and unusual punishment claim constitutes the "functional equivalent" of a second habeas petition, the district court was subject to the law applicable to successive habeas petitions. *Felker,* 101 F.3d at 96. Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition.

AFFIRMED.