**Fred Marion GILREATH,**
**Plaintiff–Appellant,**

v.

**The STATE BOARD OF PARDONS AND PAROLES, Walter Ray, Chair, State of Georgia Board of Pardons and Paroles, Bobby K. Whitworth, et al., Defendants–Appellees.**

No. 01–16409.

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 2001.

Thomas KcKee West, Thomas H. Dunn, Georgia Resource Center, Atlanta, GA, for Plaintiff–Appellant.

Paula Khristian Smith, GA Department of Law, Atlanta, GA, for Defendants–Appellees.

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

BY THE COURT:

This appeal is in a death penalty case in which the execution time is imminent. The case is before us on a motion for a stay of execution pending appeal. We earlier granted a stay until 3 o'clock in the afternoon on Thursday 15 November 2001. We will not dissolve that stay but decline a further stay.

This case arises from a claim that Appellant's state clemency application was denied without the due process required by the Federal Constitution. The action was filed in district court not as a habeas proceeding (Mr. Gilreath had pursued habeas corpus relief previously and unsuccessfully), but as a civil rights action pursuant to 42 U.S.C. § 1983. Part of the relief sought was to stop or delay the carrying out of his death sentence.

 The present appeal is one from the denial of, in effect, a motion for a preliminary injunction to stay the execution. We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it, the motion was for habeas corpus relief.* See Moody v. Rodriguez, 164 F.3d 893, 893 (5th Cir.1999) ("Federal courts lack jurisdiction to stay executions under § 1983. Prisoner challenges to the result of a single allegedly defective clemency proceeding must be pursued by writ of habeas corpus, not by suits under § 1983.") (internal citations omitted). But see Otey v. Hopkins, 5 F.3d 1125, 1130–31 (8th Cir.1993). See generally Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because this undertaking would be his second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court lacked jurisdiction to grant the requested relief. The motion (and the complaint to the degree it sought

---

* In Smith v. Snow, 722 F.2d 630 (11th Cir. 1983), we decided an appeal on the merits where the appellant had brought a 42 U.S.C. § 1983 action seeking to enjoin his execution; his suit was based on a claim that he had been denied clemency in an arbitrary and capricious manner in violation of the Due Process clause of the Federal Constitution. Our decision denied the Appellant all relief. But jurisdiction was not discussed.

Because jurisdiction was not addressed, the Smith decision is not binding precedent on the jurisdictional question presented in this case. See FEC v. NRA Political Victory Fund, 513 U.S. 88, 115 S.Ct. 537, 542, 130 L.Ed.2d 439 (1994); Okongwu v. Reno, 229 F.3d 1327, 1330 (11th Cir.2000) ("[W]e are not bound by a prior decision's sub silentio treatment of a jurisdictional question"). Thus, we are free to follow the Fifth Circuit's view.

similar relief) ought to have been dismissed.

The district court recognized that jurisdiction was doubtful. But because the jurisdictional point was not clear and because the execution time was looming fast, the district court proceeded to hold a hearing and to decide on the merits the application for a stay and restraining order. We too will decide the present motion on its merits, although we have already decided—in the alternative—that jurisdiction is lacking.

■ Briefly stated, the claim that the clemency proceeding failed to comply with due process is based on two contentions:

1) Two members of the five-member board were knowingly under investigation by the state attorney general's office, giving rise (Appellant says) to an appearance of impropriety; Appellant says that persons being investigated by the state attorney general might be thought to curry his favor by voting to deny Appellant clemency.

2) One member of the board who voted to deny clemency was absent from a meeting of the clemency board at which people spoke on behalf of clemency.

The district court concluded as a matter of law and found as a matter of fact that both grounds were without merit. We— having read the transcript of the district court's hearing—approve the district court's findings of fact and conclude the same thing: no likelihood of success.

■ The district court found that clemency board members have missed the oral presentation part of proceedings before; no equal protection violation is involved. The record shows that the member who missed the oral presentations of the clemency proceedings had seen a comprehensive written file on the matter and also had the oral presentations summed up for him by a clemency-board lawyer before the absent member cast his ballot on the clemency petition. Accepting that federal due process applies to state clemency proceedings at all, we understand that the process that would be due is minimal. *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 289, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (O'Connor, J., concurring in the judgment) (due process requires only minimal procedural safeguards be applied in clemency proceedings). In context, we conclude that the absence of a member from the oral presentation part of the proceeding did not amount to a violation of the Federal Constitution.

About the members who knew they were under investigation, the district court found that no evidence showed that in Georgia the attorney general regularly advocates—or, in this case, advocated—for or against clemency and that no evidence showed that anyone familiar with Georgia's clemency procedure would believe the state attorney general's office was an advocate in the clemency proceeding. In addition, no evidence indicates what result the attorney general might have wished for this clemency proceeding. No appearance of impropriety has been established. Furthermore, just an *appearance* of impropriety would not violate the Federal Constitution's due process clause in the context of a clemency proceeding like the one in this case. *See generally Dirt, Inc. v. Mobile County Comm'n*, 739 F.2d 1562, 1566 (11th Cir.1984) (appearance of impropriety and bias in proceedings that are not judicial proceedings do not necessarily violate due process).

The motion to stay execution beyond 3 o'clock on 15 November 2001 is DENIED.