[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2002
THOMAS K. KAHN
CLERK

No. 02-10416

D.C. Docket No. 02-00181-CV-BBM

RONALD KEITH SPIVEY,

Petitioner-Appellant,

versus

THE STATE BOARD OF PARDONS
AND PAROLES,
WALTER RAY, Chair, State of Georgia
Board of Pardons and Paroles,
BOBBY K. WHITWORTH,
GARFIELD HAMMONS, JR.,
DR. BETTY ANN COOK, et al.,

Respondents-Appellees.

--------------------------
Appeal from the United States District Court for the
Northern District of Georgia
--------------------------
(January 24, 2002)

Before ANDERSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

This appeal arises out of the district court's denial of Ronald Keith Spivey's motion for a stay of execution filed in connection with a claim purportedly brought pursuant to 42 U.S.C. § 1983, challenging the propriety of his execution in light of the investigation of several members of the Georgia Board of Pardons and Paroles on unrelated matters. Spivey is a Georgia death-row inmate who has previously filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. The district court for the Middle District of Georgia denied that petition, and we affirmed. Spivey v. Head, 207 F.3d 1263 (11th Cir. 2000). Spivey subsequently filed this § 1983 action on the day before his scheduled execution, which is set for January 24, 2002. The district court denied Spivey's motion for a stay of execution on the same day, and we now affirm the district court's denial of a stay.[1]

---

[1] Although Spivey has labeled his claim artfully, perhaps in an attempt to avoid the application of the case law discussed in this opinion, we readily conclude that his claim must be subjected to the limitations on second or successive habeas corpus claims. Indeed, he expressly seeks a "preliminary injunction and/or stay of execution prohibiting the defendants from carrying out his execution as scheduled for Thursday, January 24, 2002, at 7:00 P.M." Moreover, a careful reading of his submission to us, his complaint and the transcript of the hearing held on January 23, 2002, makes it clear that any other relief sought is intertwined with and merely incidental to his effort to gain a stay of execution. Indeed, in his submission to us he seeks only a stay of execution in order to "provide him a fair and constitutionally adequate clemency proceeding before taking his life." We readily conclude that his claim necessarily implies a challenge to the imposition of his sentence, and thus must be deemed a habeas corpus claim seeking a stay of execution. Gilreath v. State Board of Pardons & Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (on indistinguishable facts, holding that a §1983 claim was a motion for habeas

2

Our consideration of the district court's treatment of Spivey's last-minute filing of this § 1983 action is guided by the Supreme Court's decisions in <u>Gomez v. United States District Court</u>, 503 U.S. 653, 112 S. Ct. 1293 (1992), and <u>Lonchar v. Thomas</u>, 517 U.S. 314, 116 S. Ct. 1293 (1996). As we explained in our decision in <u>Felker v. Turpin</u>, these cases mandate the conclusion that a "§ 1983 claim [challenging the legality of an execution] is subject to the procedural requirements for bringing a second or successive habeas claim." 101 F.3d 95, 96 (11th Cir. 1996). <u>See</u> <u>also</u> <u>Hill v. Hopper</u>, 112 F.3d 1088 (11th Cir. 1997) (same). In <u>Felker</u>, we explained:

> In <u>Gomez</u>, the Court refused to consider the merits of a plaintiff's cruel and unusual punishment claim brought under § 1983 where the plaintiff did not raise that claim in his earlier habeas petitions. According to the Court, habeas rules "<u>would</u> apply, even if § 1983[was] also a proper vehicle for his 'method of execution' claim...." <u>Lonchar</u>, 517 U.S. at __, 116 S. Ct. at 1301 (interpreting <u>Gomez</u> ). In other words, <u>Gomez</u> held that a plaintiff cannot escape the rules regarding second or successive habeas petitions by simply filing a § 1983 claim.

101 F.3d at 96.

Based on this precedent, we recognized in <u>Felker</u> that "[w]e treat Plaintiffs'

---

corpus relief seeking a stay of execution). <u>See also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372 (1994) (in determining whether a claim is cognizable under §1983, a court must ask whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence). <u>Accord</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997). It is clear here that Spivey's claim necessarily implies a challenge to the imposition of his sentence of death.

3

§ 1983 . . . claim as the functional equivalent of a second habeas petition, and apply the rules regulating second or successive habeas petitions." Id. (citing Gomez, 503 U.S. at 653-54, 112 S. Ct. at 1653). We then concluded that:

> Because Plaintiffs failed to apply for permission to file a second habeas petition as required by 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I (1996), the district court was without authority to consider their request for relief.

Id. See also Hill v. Hopper, 112 F.3d 1088 (11th Cir. 1997) (following Felker and holding that district court lacked jurisdiction over § 1983 claim that should have been treated as a second or successive habeas petition).

In the context of another case involving essentially the same claims raised by Spivey in this action, this Court reaffimed that a § 1983 claim asserting the types of claims involved in this case must be treated as a petition for habeas corpus subject to all the associated requirements. See Gilreath v. State Board of Pardons and Paroles, 273 F.3d 932 (11th Cir. 2001). In reviewing the denial of a motion for preliminary injunction to stay Gilreath's execution, the Court held that "[w]e look at the kind of relief Appellant seeks and conclude that, however the Appellant describes it, the motion was for habeas corpus relief." Id. at 933. The Court then went on to conclude, as it had in Felker and Hill, that the district court lacked jurisdiction over the action because the prisoner had not first applied for

4

permission to file a second or successive habeas petition.  Id.

Because Spivey's § 1983 claim was the "functional equivalent" of a second habeas petition, and because he did not first apply with this Court for permission to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to entertain Spivey's claim.[2]  For this reason,[3] the

---

[2]  Having rejected appellant's attempts to circumvent the limitations on second or successive applications for a writ of habeas corpus, we note that appellant has not even applied for an order authorizing the district court to consider such a second or successive petition. Moreover, appellant could not in any event have satisfied the prima facie showing required by 28 U.S.C. §2244. Such authorization may be granted only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b)(2).  It is clear that appellant's claims do not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  It is also clear that appellant's claims are not based upon facts that would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  Appellant's claims do not challenge the underlying offense; rather, they relate solely to the possibility of clemency with respect to the sentence imposed because appellant was found guilty of the underlying offense.

[3]  We note that the district court denied relief on the basis of the merits of Spivey's due process claim, holding that our Parker v. State Board of Pardons and Paroles, 275 F.3d 1032 (11ᵗʰ Cir. 2001), decision was controlling.  We need not reach the merits, but affirm the judgment

district court appropriately denied Spivey's motion for stay of execution.[4]

of the district court on the different ground discussed in this opinion. As noted above, the relief sought in this case is a preliminary injunction, having the necessary effect of a stay of execution for Spivey, thus triggering the applicability of the case law discussed in this opinion.

[4]    We disagree with the dissent's reading of Gilreath and related decisions. Neither Gilreath's holding nor its rationale is limited to circumstances in which the petitioner has already applied for and been denied clemency by the Board of Pardons and Paroles. The dissent is also wrong in its belief that if Spivey's lawsuit is treated as a second habeas proceeding there will be no way such constitutional claims can ever be heard. The Supreme Court's jurisdiction to issue an original writ of habeas corpus and to grant certiorari review of federal issues raised in state court proceedings is not affected by the restrictions on the authority of lower federal courts to consider second habeas petitions. Felker v. Turpin, 518 U.S. 651, 665, 116 S. Ct. 2333, 2341 (1996) (concurring opinion of Stevens, J., joined by Souter and Breyer, JJ.) (noting that the restrictions on second petitions do not apply to original habeas actions in that court); In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (explaining how claims barred under the second petition restrictions can still be decided by the Supreme Court under its original habeas jurisdiction and its authority to grant certiorari review of federal issues raised in state court proceedings).

Moreover, Edwards v. Balisok suggests that a §1983 claim seeking only prospective relief might not "necessarily imply" a challenge to the imposition of a sentence. 520 U.S. at 648-49, 117 S. Ct. at 1589. As indicated above, we are satisfied that the instant claim seeks an immediate stay of the imposition of Spivey's death sentence, and accordingly, is clearly not the type of claim referenced by the Supreme Court in Edwards. We believe that the dissent's reliance upon Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 118 S. Ct. 1244 (1998), is misplaced. There, the Supreme Court did not consider the jurisdictional issue, or address the cases discussed in, our opinion; therefore, Woodard cannot be considered precedent in this regard. See FEC v. NRA Political Victory Fund, 513 U.S. 88, 115 S. Ct. 537, 542 (1994); Gilreath, 273 F.3d at 934 n.*. Moreover, Woodard is distinguishable. There, no execution date was imminent, and there is no indication that Woodard's claims would necessarily imply a challenge to the imposition of a death sentence. Woodard v. Ohio Adult Parole Authority, 107 F.3d 1178, 1181 (6th Cir. 1997) (noting that Ohio Supreme Court stayed Woodard's execution in order to allow him to pursue collateral relief). Indeed, it is likely that in the posture of Woodard's claims, he was seeking only prospective relief which would not interfere with the validity of his conviction or sentence or the imposition of his sentence. In such a posture, Woodard's claims might well qualify as viable §1983 prospective claims, as mentioned above and in Edwards v. Balisok, an issue we need not decide. Finally, in Woodard, the petitioner had never filed any federal habeas petition, 118 S. Ct. at 1248, see also Woodard v. Ohio Adult Parole Authority, 107 F.3d 1178, 1181-82 (6th Cir. 1997). So, the question of whether his §1983 challenge to clemency procedures should be subject to the rules restricting second habeas petitions was not presented and could not have been decided even implicitly.

AFFIRMED.

BARKETT, Circuit Judge, dissenting:

In Ohio v. Woodard, 532 U.S. 272 (1998), a case brought pursuant to § 1983, the United States Supreme Court said that prisoners are entitled to a modicum of due process in a clemency proceeding. Accordingly, there must be a method by which a prisoner can seek the enforcement of that right. As the majority recognizes, a second or successive habeas petition would appear not to provide an avenue for that enforcement because a claim that decisionmakers in clemency proceedings are biased is not based on a new constitutional principle or on facts which would show a defendant's actual innocence.[1] Thus, it would appear that Spivey correctly brought his claim pursuant to § 1983. The majority holds, however, that a § 1983 claim seeking a clemency hearing before an unbiased board is a second or successive habeas petition.[2] The implication is that, no matter how egregious, if the bias arises or comes to light after the claimant files his first habeas petition, the resulting violation of due process in the clemency proceeding can

---

[1] See 28 U.S.C. § 2244(b)(2)(A) & (B).

[2] The majority suggests that if Spivey's suit did not require a stay of execution, it could be brought pursuant to § 1983, because in that case it "would not interfere with the validity of his conviction or sentence or the imposition of his sentence." Maj. Op. at note 4. Nonetheless, the majority holds that because a temporary stay is necessary in this case, the exact same claim must be treated as a habeas petition. The majority announces this theory in footnote 4 without reference to any legal authority, and ignores the fact that the stay is incidental to Spivey's claim for relief, providing no more than an opportunity for the courts to adjudicate the claim. The legality of the execution is simply not at issue in Spivey's claim, and thus it should not be treated as a habeas petition.

8

never be effectively challenged, notwithstanding the rights established by

Woodard.[3] It cannot be the case that the constitutional right of due process in a

clemency proceeding cannot be raised by a prisoner simply because the facts

establishing bias developed or came to light after his first habeas petition was filed.

A vehicle for vindicating the constitutional rights of Woodard must exist, and, after

AEDPA tightened the restrictions on second or successive habeas petitions, that

can only be suit pursuant to § 1983.

Moreover, although I believe our precedent was wrong in treating as a

second habeas petition the claim in Gilreath v. State Board of Pardons and Paroles,

273 F.3d 932 (11th Cir. 2001), I do not believe that this case is controlled by

Gilreath. In Gilreath, we addressed the § 1983 petition of a death-sentenced

inmate who had already had his petition for clemency reviewed and denied by the

Board. Thus, all that was left for the petitioner to challenge was the carrying out of

the execution itself, and there was no other relief that we could grant.

Accordingly, we stated that "We look at the kind of relief Appellant seeks from the

---

[3]     The majority argues that a prisoner remains free to seek an original writ of habeas corpus in the Supreme Court or to petition for certiorari review of any state proceedings challenging the clemency process. But in view of the demands of the Supreme Court's caseload and the discretionary nature of the Court's review, neither of these alternatives provides a regular and reliable avenue for hearing such claims. Moreover, it makes no sense to deprive a prisoner of review in the federal district and appellate courts simply because the bias emerged after an initial habeas petition was filed, when otherwise such review would clearly be available.

9

federal courts and conclude that, however the Appellant described it, the motion was for habeas corpus relief." Gilreath, 273 F.3d at 932. The Gilreath panel relied on Moody v. Rodriguez, 164 F.3d 893, 893 (5th Cir. 1999), for the proposition that "Prisoner challenges to the result of a single allegedly defective clemency proceeding must be pursued by writ of habeas corpus, not by suits under § 1983." (emphasis added). We are confronted with a different situation here, because Spivey seeks a reconstitution of the Board consistent with his due process rights prior to clemency consideration by that Board. This claim is appropriately raised in a § 1983 action because relief can be granted without affecting the fact or legality of the sentence, and thus it does not implicate the traditional concerns of habeas corpus. Spivey is not challenging the legality of his execution. Instead, he is seeking a recomposition of the Board so that he can obtain a clemency review that is consistent with the due process standards articulated in Woodard. The stay of execution or TRO that Spivey seeks would be effective only as long as it would take to reconstitute the Board to be free from bias. Gilreath suggests that a prisoner challenging the result of a concluded clemency proceeding must do so in habeas corpus. However, there is no case that has held that a prisoner seeking an unbiased clemency board before consideration of his petition must do so in a

10

habeas proceeding.[4]

---

[4]The Supreme Court cases cited by the majority do not demonstrate otherwise. <u>Gomez v. United States District Court</u>, 503 U.S. 653 (1992), and <u>Lonchar v. Thomas</u>, 517 U.S. 314 (1996), as well as this court's decision in <u>Felker v. Turpin</u>, 101 F.3d 95, 96 (11th Cir. 1996) deal with challenges by death-sentenced inmates to the legality of their <u>method</u> of execution. For example, in <u>Gomez</u>, the petitioner brought a § 1983 action claiming that execution by cyanide gas violated the Eight Amendment. Such a claim deals directly with the very fact or legality of the sentence. Moreover, the Supreme Court deemed the petition to be in the nature of a habeas petition because, having already brought four previous habeas petitions, the "case [wa]s an obvious attempt to avoid the application of <u>McClesky v. Zant</u>, to bar this successive claim for relief." <u>Gomez</u>, 503 U.S. at 653 (internal citation omitted).

In <u>Felker</u>, the death-sentenced inmate challenged the constitutionality, under the Eighth Amendment, of Georgia's method of execution by electrocution. Citing <u>Gomez</u> and <u>Lonchar</u>, we deemed the petition to be in the nature of a second or successive habeas petition. But in so doing, we did not say that where a petitioner is not challenging the legality of an execution in a manner that would have been appropriate in a preceding habeas petition, and is seeking separate and distinct relief for a constitutional injury, we must nevertheless deem his petition to be barred by the habeas rules. In my view, these cases focus on preventing <u>abuse</u> of the habeas writ, and upon preventing inmates from frivolous attempts to circumvent the rules against second or successive habeas petitions. They do not require that we treat §1983 actions seeking independent relief, such as Spivey's, as second or successive habeas petitions.