PER CURIAM:
This appeal arises out of the district court’s denial of Ronald Keith Spivey’s motion for a stay of execution filed in connection with a claim purportedly brought pursuant to 42 U.S.C. § 1983, challenging the propriety of his execution in light of the investigation of several members of the Georgia Board of Pardons and Paroles on unrelated matters. Spivey is a Georgia death-row inmate who has previously filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. The district court for the Middle District of Georgia denied that petition, and we affirmed. Spivey v. Head, 207 F.3d 1263 (11th Cir. 2000). Spivey subsequently filed this § 1983 action on the day before his scheduled execution, which is set for January 24, 2002. The district court denied Spivey’s motion for a stay of execution on the same day, and we now affirm the district court’s denial of a stay.[1]
Our consideration of the district court’s treatment of Spivey’s last-minute filing of this § 1983 action is guided by the Supreme Court’s decisions in Gomez v. United States District Court, 503 U.S. 653, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992), and Lonchar v. Thomas, 517 U.S. 314, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996). As we explained in our decision in Felker v. Turpin, these cases mandate the conclusion that a “§ 1983 claim [challenging the legality of an execution] is subject to the procedural requirements for bringing a second or successive habeas claim.” 101 F.3d 95, 96 (11th Cir.1996). See also Hill v. Hopper, 112 F.3d 1088 (11th Cir.1997) (same). In Felker, we explained:
In Gomez, the Court refused to consider the merits of a plaintiffs cruel and unusual punishment claim brought under § 1983 where the plaintiff did not raise that claim in his earlier habeas petitions. According to the Court, habeas rules “would apply, even if § 1983 [was] also a proper vehicle for his ‘method of execution’ claim.... ” Lonchar, 517 U.S. at 329, 116 S.Ct. at 1301 (interpreting Go *1303 mez). In other words, Gomez held that a plaintiff cannot escape the rules regarding second or successive habeas petitions by simply filing a § 1983 claim.
101 F.3d at 96.
Based on this precedent, we recognized in Felker that “[w]e treat Plaintiffs’ § 1983 ... claim as the functional equivalent of a second habeas petition, and apply the rules regulating second or successive habeas petitions.” Id. (citing Gomez, 503 U.S. at 653-54, 112 S.Ct. at 1653). We then concluded that:
Because Plaintiffs failed to apply for permission to file a second habeas petition as required by 28 U.S.C. § 2244(b)(3)(A), as amended by the An-titerrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, tit. I (1996), the district court was without authority to consider their request for relief.
Id. See also Hill v. Hopper, 112 F.3d 1088 (11th Cir.1997) (following Felker and holding that district court lacked jurisdiction over § 1983 claim that should have been treated as a second or successive habeas petition).
In the context of another case involving essentially the same claims raised by Spi-vey in this action, this Court reaffirmed that a § 1983 claim asserting the types of claims involved in this case must be treated as a petition for habeas corpus subject to all the associated requirements. See Gilreath v. State Board of Pardons and Paroles, 273 F.3d 932 (11th Cir.2001). In reviewing the denial of a motion for preliminary injunction to stay Gilreath’s execution, the Court held that “[w]e look at the kind of relief Appellant seeks and conclude that, however the Appellant describes it, the motion was for habeas corpus relief.” Id. at 933. The Court then went on to conclude, as it had in Felker and Hill, that the district court lacked jurisdiction over the action because the prisoner had not first applied for permission to file a second or successive habeas petition. Id.
Because Spivey’s § 1983 claim was the “functional equivalent” of a second habeas petition, and because he did not first apply with this Court for permission to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to entertain Spi-vey’s claim.[2] For this reason,[3] the district *1304 court appropriately denied Spivey’s motion for stay of execution.[4]
AFFIRMED.

. Although Spivey has labeled his claim artfully, perhaps in an attempt to avoid the application of the case law discussed in this opinion, we readily conclude that his claim must be subjected to the limitations on second or successive habeas corpus claims. Indeed, he expressly seeks a "preliminary injunction and/or stay of execution prohibiting the defendants from carrying out his execution as scheduled for Thursday, January 24, 2002, at 7:00 P.M." Moreover, a careful reading of his submission to us, his complaint and the transcript of the hearing held on January 23, 2002, makes it clear that any other relief sought is intertwined with and merely incidental to his effort to gain a stay of execution. Indeed, in his submission to us he seeks only a stay of execution in order to "provide him a fair and constitutionally adequate clemency proceeding before taking his life.” We readily conclude that his claim necessarily implies a challenge to the imposition of his sentence, and thus must be deemed a habeas corpus claim seeking a stay of execution. Gilreath v. State Board of Pardons & Paroles, 273 F.3d 932, 933 (11th Cir.2001) (on indistinguishable facts, holding that a § 1983 claim was a motion for habeas corpus relief seeking a stay of execution). See also Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) (in determining whether a claim is cognizable under § 1983, a court must ask whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence). Accord Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). It is clear here that Spivey's claim necessarily implies a challenge to the imposition of his sentence of death.

. Having rejected appellant's attempts to circumvent the limitations on second or successive applications for a writ of habeas corpus, we note that appellant has not even applied for an order authorizing the district court to consider such a second or successive petition. Moreover, appellant could not in any event have satisfied the prima facie showing required by 28 U.S.C. § 2244. Such authorization may be granted only if:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2244(b)(2). It is clear that appellant’s claims do not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. It is also clear that appellant’s claims are not based upon facts that would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Appellant’s claims do not challenge the underlying offense; rather, they relate solely to the possibility of clemency with respect to the sentence imposed because appellant was found guilty of the underlying offense.

. We note that the district court denied relief on the basis of the merits of Spivey’s due *1304 process claim, holding that our Parker v. State Board of Pardons and Paroles, 275 F.3d 1032 (11th Cir.2001), decision was controlling. We need not reach the merits, but affirm the judgment of the district court on the different ground discussed in this opinion. As noted above, the relief sought in this case is a preliminary injunction, having the necessary effect of a stay of execution for Spivey, thus triggering the applicability of the case law discussed in this opinion.

. We disagree with the dissent's reading of Gilreath and related decisions. Neither Gil-reath 's holding nor its rationale is limited to circumstances in which the petitioner has already applied for and been denied clemency by the Board of Pardons and Paroles. The dissent is also wrong in its belief that if Spi-vey's lawsuit is treated as a second habeas proceeding there will be no way such constitutional claims can ever be heard. The Supreme Court's jurisdiction to issue an original writ of habeas corpus and to grant certiorari review of federal issues raised in state court proceedings is not affected by the restrictions on the authority of lower federal courts to consider second habeas petitions. Felker v. Turpin, 518 U.S. 651, 665, 116 S.Ct. 2333, 2341, 135 L.Ed.2d 827 (1996) (concurring opinion of Stevens, J., joined by Souter and Breyer, JJ.) (noting that the restrictions on second petitions do not apply to original ha-beas actions in that court); In re Medina, 109 F.3d 1556, 1564 (11th Cir.1997) (explaining how claims barred under the second petition restrictions can still be decided by the Supreme Court under its original habeas jurisdiction and its authority to grant certiorari review of federal issues raised in state court proceedings).
Moreover, Edwards v. Balisok suggests that a § 1983 claim seeking only prospective relief might not "necessarily imply” a challenge to the imposition of a sentence. 520 U.S. at 648-49, 117 S.Ct. at 1589. As indicated above, we are satisfied that the instant claim seeks an immediate stay of the imposition of Spivey's death sentence, and accordingly, is clearly not the type of claim referenced by the Supreme Court in Edwards. We believe that the dissent’s reliance upon Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998), is misplaced. There, the Supreme Court did not consider the jurisdictional issue, or address the cases discussed in, our opinion; therefore, Woodard cannot be considered precedent in this regard. See FEC v. NRA Political Victory Fund, 513 U.S. 88, 115 S.Ct. 537, 542, 130 L.Ed.2d 439 (1994); Gilreath, 273 F.3d at 934 n. *. Moreover, Woodard is distinguishable. There, no execution date was imminent, and there is no indication that Woodard's claims would necessarily imply a challenge to the imposition of a death sentence. Woodard v. Ohio Adult Parole Authority, 107 F.3d 1178, 1181 (6th Cir.1997) (noting that Ohio Supreme Court stayed Woodard’s execution in order to allow him to pursue collateral relief). Indeed, it is likely that in the posture of Woodard's claims, he was seeking only prospective relief which would not interfere with the validity of his conviction or sentence or the imposition of his sentence. In such a posture, Woodard's claims might well qualify as viable § 1983 prospective claims, as mentioned above and in Edwards v. Balisok, an issue we need not decide. Finally, in Woodard, the petitioner had never filed any federal habeas petition, 118 S.Ct. at 1248, see also Woodard v. Ohio Adult Parole Authority, 107 F.3d 1178, 1181-82 (6th Cir.1997). So, the question of whether his § 1983 challenge to clemency procedures should be subject to the rules restricting second habeas petitions was not presented and could not have been decided even implicitly.