BARKETT, Circuit Judge,
dissenting:
In Ohio v. Woodard, 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998), a case brought pursuant to § 1983, the United States Supreme Court said that prisoners are entitled to a modicum of due process in a clemency proceeding. Accordingly, there must be a method by which a prisoner can seek the enforcement of that right. As the majority recognizes, a second or successive habeas petition would appear not to provide an avenue for that enforcement because a claim that decisionmakers in clemency proceedings are biased is not based on a new constitutional principle or *1305 on facts which would show a defendant’s actual innocence.[1] Thus, it would appear that Spivey correctly brought his claim pursuant to § 1983. The majority holds, however, that a § 1983 claim seeking a clemency hearing before an unbiased board is a second or successive habeas petition.[2] The implication is that, no matter how egregious, if the bias arises or comes to light after the claimant files his first habeas petition, the resulting violation of due process in the clemency proceeding can never be effectively challenged, notwithstanding the rights established by Woodard!.[3] It cannot be the case that the constitutional right of due process in a clemency proceeding cannot be raised by a prisoner simply because the facts establishing bias developed or came to light after his first habeas petition was filed. A vehicle for vindicating the constitutional rights of Woodard must exist, and, after AEDPA tightened the restrictions on second or successive habeas petitions, that can only be suit pursuant to § 1983.
Moreover, although I believe our precedent was wrong in treating as a second habeas petition the claim in Gilreath v. State Board of Pardons and Paroles, 273 F.3d 932 (11th Cir.2001), I do not believe that this case is controlled by Gilreath. In Gilreath, we addressed the § 1983 petition of a death-sentenced inmate who had already had his petition for clemency reviewed and denied by the Board. Thus, all that was left for the petitioner to challenge was the carrying out of the execution itself, and there was no other relief that we could grant. Accordingly, we stated that “We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it, the motion was for habeas corpus relief.” Gilreath, 273 F.3d at 932. The Gilreath panel relied on Moody v. Rodriguez, 164 F.3d 893, 893 (5th Cir.1999), for the proposition that “Prisoner challenges to the result of a single allegedly defective clemency proceeding must be pursued by writ of habeas corpus, not by suits under § 1983.” (emphasis added). We are confronted with a different situation here, because Spivey seeks a reconstitution of the Board consistent with his due process rights pri- or to clemency consideration by that Board. This claim is appropriately raised in a § 1983 action because relief can be granted without affecting the fact or legality of the sentence, and thus it does not implicate the traditional concerns of habe-as corpus. Spivey is not challenging the legality of his execution. Instead, he is *1306 seeking a recomposition of the Board so that he can obtain a clemency review that is consistent with the due process standards articulated in Woodard. The stay of execution or TRO that Spivey seeks would be effective only as long as it would take to reconstitute the Board to be free from bias. Gilreath suggests that a prisoner challenging the result of a concluded clemency proceeding must do so in habeas corpus. However, there is no case that has held that a prisoner seeking an unbiased clemency board before consideration of his petition must do so in a habeas proceeding.[4]

. See 28 U.S.C. § 2244(b)(2)(A) & (B).

. The majority suggests that if Spivey’s suit did not require a stay of execution, it could be brought pursuant to § 1983, because in that case it “would not interfere with the validity of his conviction or sentence or the imposition of his sentence." Maj. Op. at note 4. Nonetheless, the majority holds that because a temporary stay is necessary in this case, the exact same claim must be treated as a habeas petition. The majority announces this theory in footnote 4 without reference to any legal authority, and ignores the fact that the stay is incidental to Spivey's claim for relief, providing no more than an opportunity for the courts to adjudicate the claim. The legality of the execution is simply not at issue in Spivey’s claim, and thus it should not be treated as a habeas petition.

.The majority argues that a prisoner remains free to seek an original writ of habeas corpus in the Supreme Court or to petition for certio-rari review of any state proceedings challenging the clemency process. But in view of the demands of the Supreme Court's caseload and the discretionary nature of the Court's review, neither of these alternatives provides a regular and reliable avenue for hearing such claims. Moreover, it makes no sense to deprive a prisoner of review in the federal district and appellate courts simply because the bias emerged after an initial habeas petition was filed, when otherwise such review would clearly be available.

. The Supreme Court cases cited by the majority do not demonstrate otherwise. Gomez v. United States District Court, 503 U.S. 653, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992), and Lonchar v. Thomas, 517 U.S. 314, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996), as well as this court's decision in Felker v. Turpin, 101 F.3d 95, 96 (11th Cir.1996) deal with challenges by death-sentenced inmates to the legality of their method of execution. For example, in Gomez, the petitioner brought a § 1983 action claiming that execution by cyanide gas violated the Eight Amendment. Such a claim deals directly with the very fact or legality of the sentence. Moreover, the Supreme Court deemed the petition to be in the nature of a habeas petition because, having already brought four previous habeas petitions, the “case [wa]s an obvious attempt to avoid the application of McClesky v. Zant, to bar this successive claim for relief.’[1] Gomez, 503 U.S. at 653, 112 S.Ct. 1652 (internal citation omitted).
In Felker, the death-sentenced inmate challenged the constitutionality, under the Eighth Amendment, of Georgia's method of execution by electrocution. Citing Gomez and Lonchar, we deemed the petition to be in the nature of a second or successive habeas petition. But in so doing, we did not say that where a petitioner is not challenging the legality of an execution in a manner that would have been appropriate in a preceding habeas petition, and is seeking separate and distinct relief for a constitutional injury, we must nevertheless deem his petition to be barred by the habeas rules. In my view, these cases focus on preventing abuse of the habeas writ, and upon preventing inmates from frivolous attempts to circumvent the rules against second or successive habeas petitions. They do not require that we treat § 1983 actions seeking independent relief, such as Spivey's, as second or successive habeas petitions.