[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14254
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
04-08007-CV-LSC-S & 01-00164-CR-N-S

ANDREW LEVERT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 10, 2008)**

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Andrew Levert, a federal prisoner proceeding pro se, appeals the denial of his motion for handwriting analysis. On appeal, Levert argues that the district court abused its discretion in denying his motion, asserting that there was insufficient evidence to support his conviction in light of the fact that his purported signature on a waiver-of-rights form was, in fact, a forgery. Levert contends that, because the signature was forged, his conviction must be vacated because it was obtained in violation of his constitutional rights. For the reasons set forth more fully below, we vacate and remand to the district court for further proceedings in order to allow the court to correct its order and dismiss the motion for lack of jurisdiction.

We will examine questions regarding a district court's jurisdiction over an action sua sponte, even when the district court does not address those jurisdictional issues. Blue Cross & Blue Shield of Alabama v. Sanders, 137 F.3d 1347, 1351 (11th Cir. 1998); United States v. Alabama, 791 F.2d 1450, 1454 (11th Cir. 1985). Where a district court lacked jurisdiction, we have jurisdiction only for the limited purpose of correcting the district court's error in entertaining the suit. Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1298 (11th Cir. 1999).

Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must obtain an order from the appropriate court of appeals,

authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996).  Without authorization, the district court lacks jurisdiction to consider a second or successive petition.  Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).  The gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996), cannot be avoided by relabeling a claim as something other than a § 2255 motion.  Felker v.  Turpin, 101 F.3d 657, 661 (11th Cir. 1996).

In his "motion for handwriting analysis," Levert essentially argues that his conviction was obtained in violation of his constitutional rights, asserting that he did not waive his Miranda[1] rights while in police custody, and contending that his purported signature on the waiver-of-rights form was a forgery.  He further asserts that the waiver-of-rights form constituted newly discovered evidence sufficient to authorize the filing of a successive § 2255 motion.  Thus, despite Levert's assertion that the motion is merely an evidentiary request to obtain review of the waiver-of-rights form by a handwriting expert, it appears to constitute a second or successive § 2255 motion.  Because Levert filed a previous § 2255 motion and it was denied, he required our permission to file a successive motion for habeas relief in district

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3

court.  See 28 U.S.C. § 2255.  Levert did not obtain that permission, and therefore, the district court did not have jurisdiction to entertain the motion.  Id.  Accordingly, the district court should have dismissed, rather than denied, Levert's motion for handwriting analysis.

In light of the foregoing, we **VACATE** the order denying Levert's motion for handwriting analysis and **REMAND** to the district court with instructions to correct its order and dismiss the motion for lack of jurisdiction.