[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17642
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00004-RBD-DAB

JAMES ANDREW STARKEY,

                                                        Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF THE TREASURY,
STATE OF FLORIDA,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 6, 2017)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

James Starkey, a Florida prisoner proceeding pro se, appeals the dismissal of his complaint, which the district court construed as a 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court concluded that it did not have jurisdiction to consider Starkey's complaint without an order from this Court because the complaint was a successive petition. As discussed below, we affirm.

We review de novo a district court's dismissal for lack of jurisdiction over a prisoner's habeas corpus petition. Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cty., 683 F.3d 1261, 1263 (11th Cir. 2012). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, "issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (per curiam) (quoting Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369 (1994)). Regardless of how an inmate labels his claim, if the court determines that the claim challenges the lawfulness of the inmate's conviction or sentence, the court must treat the claim as one for habeas relief under § 2254 and must apply the Antiterrorism and

Effective Death Penalty Act ("AEDPA") to the claim.  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Under the AEDPA, a district court lacks jurisdiction to consider a second or successive habeas corpus petition that has not been authorized by an appellate court.  Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam); 28 U.S.C. § 2244(b)(3)(A).

On appeal, Starkey restates the claims that he asserted in the district court. Even liberally construing his brief, he makes no argument that the district court erred by construing his complaint as a § 2254 petition for habeas relief or concluding that it did not have jurisdiction over the petition.  Starkey therefore abandoned these arguments.  See Timson, 518 F.3d at 874.  Even if he did not, however, the district court did not err.

The district court correctly construed Starkey's complaint as a § 2254 petition.  In his complaint, Starkey purports to bring constitutional claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act.  But a review of the relief sought indicates that Starkey is challenging his conviction and incarceration.  He claims that the criminal charges against him were fraudulently brought and demands damages in the amount of $1.6 million "per each day of unlawful incarceration" or twenty-five percent of this sum and his release.  He also moves for his release from prison under maritime law.  Given Starkey's demands for his release from incarceration, the district court correctly construed his complaint as a § 2254

3

petition and applied AEDPA's procedural requirements. <u>See Hutcherson</u>, 468 F.3d at 755 (construing the prisoner's § 1983 claim as a § 2254 petition and determining that a prisoner's petition failed to satisfy AEDPA's procedural requirements).

The district court also correctly concluded that it did not have jurisdiction over the petition under § 2244(b). The district court found that Starkey previously filed two habeas petitions challenging his conviction and incarceration in Florida district court. <u>See Starkey v. Harris</u>, No. 6:14-CV-01205-CEM-KRS (M.D. Fla. 2014); <u>Starkey v. Sec'y, Dep't of Corr.</u>, No. 6:15-CV-1797-41KRS (M.D. Fla. 2015). Starkey does not claim that he obtained an order from this Court authorizing the district court to consider a successive § 2254 petition. Thus, the district court was without jurisdiction to consider his complaint. <u>See</u> 28 U.S.C. § 2244(b)(3)(A); <u>Hill</u>, 112 F.3d at 1089. Accordingly, we affirm.

**AFFIRMED.**