[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14292

Non-Argument Calendar

_____

GIOVANNI DEPALMA,

Plaintiff-Appellant,

*versus*

STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02745-CEH-CPT

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Giovanni DePalma, proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1981 civil complaint for failure to state a claim in light of *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994). DePalma asserts the district court erred by not addressing his arguments regarding the state criminal convictions challenged in his complaint, including that the state trial court lacked subject matter jurisdiction and violated the Double Jeopardy Clause. After review,[1] we affirm.

A court shall dismiss a prisoner's complaint if the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

A § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence "has been reversed on direct appeal, expunged by executive order,

---

[1] A district court's dismissal of a complaint for failure to state a claim is reviewed *de novo*, viewing the allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Although *Heck* involved a prisoner seeking money damages, the Supreme Court later clarified that prisoners cannot use § 1983 to obtain relief where success would imply the invalidity of a conviction or sentence, even if the prisoner is seeking injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The district court did not err in dismissing DePalma's complaint as barred under *Preiser* and *Heck*. First, although DePalma presented his claim under § 1981 rather than § 1983, *Preiser* and *Heck* apply to his § 1981 complaint. Liberally construing his complaint, DePalma likely meant to challenge his conviction under § 1983, rather than § 1981, because he raises constitutional claims, not claims regarding racial discrimination in making or enforcing a contract. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating *pro se* pleadings are liberally construed); *compare* 42 U.S.C. § 1983 *with* 42 U.S.C. § 1981. Moreover, *Preiser* and *Heck* apply to § 1981 claims as well as § 1983 claims. *See Cruz v. Skelton*, 502 F.2d 1101, 1102 (5th Cir. 1974)[2] (citing *Preiser* and holding that since relief sought by prisoner was injunctive relief requiring his release from confinement, his proper remedy was habeas corpus, not a suit under § 1981). DePalma's complaint challenges the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

validity of his convictions, and he requests "immediate discharge" from incarceration. These claims are precisely the type that are barred by *Preiser* because DePalma is seeking a determination he is entitled to an immediate release. *See Preiser*, 411 U.S. at 500. De-Palma's claims are also barred by *Heck* because a determination he is entitled to immediate release because the amended information leading to his conviction was void would necessarily undermine the validity of his convictions, and he has not demonstrated that his convictions have been overturned. *See Heck*, 512 U.S. at 486-87; *Wilkinson*, 544 U.S. at 81-82.

Additionally, even if the district court had liberally construed his complaint as a habeas petition, it would have been dismissed as an unauthorized second or successive petition because DePalma had already filed a habeas petition and had not received authorization from this Court to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) (providing to file a second or successive § 2254 petition, a petitioner must first get approval from this Court); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (explaining without our authorization, the district court lacks jurisdiction to consider a second or successive petition). Accordingly, we affirm.

**AFFIRMED.**