[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10217

Non-Argument Calendar

_____

LARRY JEROME GRADY,

Petitioner-Appellant,

*versus*

KEVIN WHITE,
Capt.,
ATTORNEY GENERAL, STATE OF ALABAMA,
STATE OF ALABAMA,
LEE COUNTY, ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:22-cv-00508-ECM-SMD

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Larry Grady, proceeding pro se, appeals the district court's denial of his "Motion to Reconsider Appeal to Federal Court 2254." The magistrate judge construed Grady's motion as seeking an order (1) directing a state court to grant his application to proceed *in forma pauperis* and to send litigation documents to the federal court, and (2) granting Grady habeas relief under 28 U.S.C. § 2254. The magistrate judge recommended dismissing Grady's motion for lack of jurisdiction, which the district court adopted after receiving no objections from Grady. We agree with the magistrate judge's analysis and affirm.

Grady does not now challenge the district court's conclusions—he merely raises the same arguments about the impropriety of his prior conviction. While we hold the allegations of pro se litigants to "less stringent standards than formal pleadings drafted by lawyers," we may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). An appellant abandons any argument not briefed on appeal, made in passing, or raised briefly without

supporting arguments or authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (collecting cases). Grady has forfeited any challenge to the district court's conclusion that it lacks jurisdiction over his motion.

Even if Grady had not forfeited those arguments, we would agree with the district court's ruling. *First*, "federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Lamar v. 118th Judicial Dist. Ct.,* 440 F.2d 383, 384 (5th Cir.1971).[1] The district court properly denied Grady's motion to the extent that he seeks a writ directing the Lee County Circuit Court to act.

*Second*, to the extent Grady seeks a writ of habeas corpus under § 2254, the district court lacked jurisdiction over his action because it is a successive habeas petition filed without the required appellate court permission. In 2011, Grady filed a habeas petition challenging the same underlying conviction, and the court denied Grady relief, dismissing his petition with prejudice. *See Grady v. Jones*, No. 3:11-CV-430, 2014 WL 793541 (M.D. Ala. Feb. 26, 2014). Grady could have raised his current arguments in his previous habeas petition, and he has "no legitimate excuse for failure to do so." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). This kind of successive habeas petition is only possible with permission

---

[1] This Court has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

from the appropriate court of appeals. 28 U.S.C. 2255(h). Because Grady has not furnished a certification from this Court permitting a successive habeas petition, the district court lacked jurisdiction to grant the requested relief. *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

On appeal, Grady has also filed a "Motion to Amend under Newly Discovered Evidence," which we construe as a motion to consider supplemental arguments. We have long held that "an appellant who does not raise an issue in his opening brief may not do so in his reply brief [or] in a supplemental brief." *United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015). So to the extent that Grady seeks to raise new issues on appeal, the motion is denied. And we also deny the motion to the extent that Grady seeks leave to file a supplemental brief.

Because the district court lacked jurisdiction over Grady's suit, we **AFFIRM**.